Premo, J.
*926 Defendant John Alves Santos was arrested in connection with a stolen vehicle report. He pleaded no contest to vehicle theft with a prior conviction, possession of methamphetamine, possession of burglary tools, and buying or receiving a stolen motor vehicle with a prior conviction, and admitted one prison prior. The trial court sentenced Santos to two years in state prison and imposed specified fees and fines.
Santos's appointed counsel filed an opening brief in which no issues are raised and asked this court to independently review the record under People v. Wende (1979) 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071. We sent a letter to Santos notifying him of his right to submit written argument on his own behalf on appeal but received no response.[1] After independent review of the record, we requested supplemental letter briefs from Santos's counsel and the Attorney General in light of People v. Dueñas (2019) 30 Cal.App.5th 1157, 242 Cal.Rptr.3d 268 ( Dueñas ). In Dueñas , Division 7 of the Second Appellate District applied due process principles to prohibit the imposition of certain fees and a restitution fine upon an indigent defendant without first ascertaining the defendant's ability to pay the amount imposed. We asked counsel in this case (1) whether the trial court erred in imposing any fines or fees without determining Santos's ability to pay, (2) whether Santos forfeited any claim of error by failing to object, or waived his right to contest the fines as part of his plea agreement, and (3) if the matter is not *485 forfeited, what is the appropriate remedy on appeal.
We hold that the failure to object to the assessments discussed below did not forfeit the claim of error on appeal. We also conclude that while the record in this case does not reflect such extreme circumstances as were present in Dueñas , in which the defendant's poverty precipitated a cycle of *927 repeat, misdemeanor offenses which "in turn, ... occasioned new fines, fees, and assessments that she" could not pay ( Dueñas , supra , 30 Cal.App.5th at p. 1164, 242 Cal.Rptr.3d 268 ), the principles articulated therein still apply.[2] Given the divergence of opinions issued by the Courts of Appeal since Dueñas , we believe that some guidance to the trial court is appropriate and try to provide it here. We will order a limited remand for the trial court to ascertain Santos's ability to pay the court operations assessment under Penal Code section 1465.8 and the criminal conviction assessment under Government Code section 70373.
I. FACTUAL AND PROCEDURAL BACKGROUND
San Jose police officers apprehended Santos on February 28, 2017, in connection with a stolen vehicle report.[3] The victim reported that at approximately 1:00 p.m. he saw a male (later identified as Santos) driving the victim's previously stolen vehicle near a gas station on Alum Rock Avenue in San Jose. The victim unsuccessfully tried to follow the vehicle. Later that afternoon, the victim contacted the police and said that he had located his vehicle at the gas station and would wait for the police to arrive. Shortly after, he called the police again to say that the same individual he had seen driving his vehicle had returned. Santos was walking away from the stolen vehicle as the police arrived. The victim identified Santos in an in-field identification.
During a pat down search, police found a baggie of methamphetamine and a set of keys. Santos said that the keys were his, though he could not explain one key, which looked like an ignition key to a foreign car and appeared to have been tampered with. Officers tried the key in the ignition of the victim's car, and the car started. Santos also was carrying a backpack in which the police found a set of fuses-one of which matched a yellow fuse connected to wiring that was hanging from under the victim's steering wheel, and numerous screwdrivers, wire cutters, vise grips, and keys.
The Santa Clara County District Attorney charged Santos in an information filed on May 18, 2017, after a preliminary examination, with vehicle theft with a prior conviction, a felony ( Veh. Code, § 10851, subd. (a), *928 Pen. Code, § 666.5 ; count 1), misdemeanor possession of a controlled substance, methamphetamine ( Health & Saf. Code, § 11377, subd. (a) ; count 2), misdemeanor possession of burglary tools ( Pen. Code, § 466 ; count 3), and buying or receiving a stolen motor vehicle with a prior conviction ( Pen. Code, §§ 496d, 666.5 ; *486 count 4). The information also alleged one prison prior within the meaning of Penal Code section 667.5, subdivision (b).
Santos pleaded no contest to all four counts and admitted the prison prior. He initialed and signed the advisement of rights, waiver, and plea form, which provided for a nonbinding, tentative indicated sentence in the range of probation to a maximum of three years in prison. The signed agreement reflects a handwritten modification to the standard language concerning the imposition of fines and fees. Paragraph 18, which Santos initialed, states the defendant's understanding of the fines, fees, and costs that may be imposed, including certain mandatory fines and fees, and others depending upon the ability to pay. The standard plea form language concludes with the statement "and I do not contest my ability to pay these fines and fees," but here that sentence was partially stricken and rewritten as, "and I have discussed these fines and fees with my attorney. " (Italics added.)
On January 26, 2018, the trial court sentenced Santos consistent with the plea agreement. The court denied probation as to all counts. It imposed the mitigated two-year prison term on count 1 and a concurrent two-year term on count 4, which it stayed pursuant to Penal Code section 654. The court imposed a 90-day jail sentence for counts 2 and 3, concurrent to count 1, and struck the enhancement for the prison prior. Santos received 452 days of credit, comprising 226 actual days and 226 days of conduct credit.
At sentencing, Santos's counsel asked the trial court to "run any fines and fees concurrent to the time it's going to impose" because Santos "is indigent" and probation had recommended "quite a large fine" of $1,800 in restitution. The trial court instead imposed a restitution fine of $300, plus an additional, suspended parole revocation fine of $300 ( Pen. Code, §§ 1202.4, subd. (b)(2), 1202.45 ). The court further imposed a $4 emergency medical air transportation fine ( Gov. Code, § 76000.10 ), an $80 court operations assessment ( Pen. Code, § 1465.8 ), a $60 criminal conviction assessment ( Gov. Code, § 70373 ), and a $129.75 criminal justice administration fee ( Gov. Code, §§ 29550, 29550.1, 29550.2 ). The court waived fees in connection with counts 2 and 3.
Santos did not object to the imposition of the fines and fees.
On January 29, 2018, Santos filed a timely notice of appeal from the judgment.
*929 II. DISCUSSION
In supplemental briefing, both parties assert that under the reasoning articulated in Dueñas , supra , 30 Cal.App.5th 1157, 242 Cal.Rptr.3d 268, the trial court should not have imposed the $80 court operations assessment and $60 criminal conviction assessment without first determining Santos' ability to pay, since the record reflects that he was indigent at the time of sentencing. They further agree that the matter is not forfeited for failure to object and should be remanded for the limited purpose of determining ability to pay.
While Santos's briefing addresses only the court operations and criminal conviction assessments under Penal Code section 1465.8 and Government Code section 70373, the Attorney General also tackles the $300 restitution fine. The Attorney General argues that the restitution fine is distinguishable because it is a fine for punishment, and the proper analytic framework for evaluating it is not due process as expressed in Dueñas , but the excessive fines clause of the Eighth Amendment of the United States Constitution. We need not reach that issue, however, because Santos does not raise the restitution fine in *487 his supplemental briefing.[4] We limit our analysis to the question of whether the trial court was required, under the reasoning of Dueñas and in light of the record of indigence present here, to determine Santos's ability to pay the court operations and criminal conviction assessments before imposing them.
A. Dueñas
The Court of Appeal in Dueñas examined how the "cascading consequences of imposing fines and assessments that a defendant cannot pay" ( Dueñas, supra , 30 Cal.App.5th at p. 1163, 242 Cal.Rptr.3d 268 ) can interfere with an indigent defendant's fair treatment under the law by in effect punishing the defendant for being poor ( id. at pp. 1166-1167, 242 Cal.Rptr.3d 268 ).
The case involved a homeless probationer whose inability to pay the juvenile citations she received as a teenager resulted in the suspension of her *930 driver's license, which later led to several misdemeanor convictions for driving with a suspended license. ( Dueñas, supra , 30 Cal.App.5th at p. 1161, 242 Cal.Rptr.3d 268.) Facing the "ostensible choice of paying a fine or serving jail time in lieu of payment," Dueñas served time yet remained liable for mounting court fees, which she could not pay. ( Ibid. ) Upon her fourth misdemeanor conviction, the trial court placed Dueñas on probation and, as mandated by statute, imposed a court operations assessment ( Pen. Code, § 1465.8 ), a criminal conviction assessment ( Gov. Code, § 70373 ), and a $150 restitution fine ( Pen. Code, § 1202.4 ). ( Dueñas, supra , at p. 1162, 242 Cal.Rptr.3d 268.) The trial court rejected Dueñas's constitutional argument that due process required the court to assess her present ability to pay before it imposed the fees. ( Id. at p. 1163, 242 Cal.Rptr.3d 268.)
The Court of Appeal reversed. It held that imposition of the court operations and criminal conviction assessments without first ascertaining an indigent defendant's present ability to pay violates state and federal due process guarantees. ( Dueñas, supra , 30 Cal.App.5th at p. 1168, 242 Cal.Rptr.3d 268.) The court also directed the trial court to stay execution of the mandatory restitution fine unless and until the People establish the defendant's ability to pay. ( Id. at p. 1172, 242 Cal.Rptr.3d 268.)
The Court of Appeal observed that the assessments at issue were enacted to raise funds for the state courts and were not intended to be punitive. ( Dueñas, supra , 30 Cal.App.5th at p. 1165, 242 Cal.Rptr.3d 268.) Yet the consequences of mounting criminal justice debts from unpayable fines "in effect transform a funding mechanism for the courts into additional punishment for a criminal conviction for those unable to pay." ( Id. at p. 1168, 242 Cal.Rptr.3d 268.) Relying on constitutional principles of *488 fair and equal treatment before the law for indigent defendants, as articulated in decisions like Griffin v. Illinois (1956) 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, In re Antazo (1970) 3 Cal.3d 100, 89 Cal.Rptr. 255, 473 P.2d 999, and Bearden v. Georgia (1983) 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221, the court deemed such assessments "fundamentally unfair" if imposed without a determination that the defendant has the present ability to pay. ( Dueñas, supra , at p. 1168, 242 Cal.Rptr.3d 268.)
As for the restitution fine, the Court of Appeal recognized that unlike court operations and criminal conviction assessments, a restitution fine is intended as additional punishment for a crime. ( Dueñas, supra , 30 Cal.App.5th at p. 1169, 242 Cal.Rptr.3d 268.) It is imposed in a range determined by statute and commensurate with the seriousness of the offense ( Pen. Code, § 1202.4, subd. (b) ). ( Dueñas, supra , at p. 1169, 242 Cal.Rptr.3d 268.) The statute expressly disqualifies inability to pay as a basis for waiving the restitution fine, though a court may consider a defendant's ability to pay if imposing a restitution fine above the statutory minimum amount. ( Id. at p. 1170, 242 Cal.Rptr.3d 268, citing Pen. Code, § 1202.4, subds. (c), (d).)
*931 Finding these provisions at odds with statutory policy requiring restitution to "be consistent with a person's ability to pay" ( Pen. Code, § 1203.2, subd. (a) ) and with common law principles requiring consideration of a defendant's financial condition when imposing a punitive award, the court also observed that an indigent defendant is not afforded equal relief upon completing probation as a defendant who can pay his or her restitution fine. ( Dueñas, supra , 30 Cal.App.5th at pp. 1170-1171, 242 Cal.Rptr.3d 268, citing Pen. Code, § 1203.4, subd. (a)(1).) The court concluded that such "limitation of rights to those who are unable to pay" is fundamentally unfair. ( Dueñas, supra , at p. 1171, 242 Cal.Rptr.3d 268.) To avoid a constitutional dilemma, the court held that while required by Penal Code section 1202.4 to impose a restitution fine, the trial court must stay execution of the fine "until and unless the People demonstrate that the defendant has the ability to pay the fine." ( Dueñas, supra , at p. 1172, 242 Cal.Rptr.3d 268.)
B. Santos Has Not Forfeited His Challenge Concerning Ability to Pay
Several Courts of Appeal have issued decisions since Dueñas , revealing a split as to whether a defendant whose sentencing preceded Dueñas forfeits a challenge to the imposition of fines and fees on the basis of inability to pay by having failed to object in the trial court. The question as to forfeiture is whether Dueñas represents an unforeseen significant shift in the pertinent law that trial counsel could not have anticipated, thus excusing the failure to raise the issue. (See People v. Black (2007) 41 Cal.4th 799, 810, 62 Cal.Rptr.3d 569, 161 P.3d 1130 ["although challenges to procedures ... normally are forfeited unless timely raised in the trial court, 'this is not so when the pertinent law later changed so unforeseeably that it is unreasonable to expect trial counsel to have anticipated the change' "].)
In People v. Castellano (2019) 33 Cal.App.5th 485, 245 Cal.Rptr.3d 138 ( Castellano ), the same appellate division that decided Dueñas declined to find forfeiture, citing the recognized exception to the forfeiture rule based upon a "newly announced constitutional principle that could not reasonably have been anticipated at the time of trial ...." ( Id. at p. 489, 245 Cal.Rptr.3d 138.) Castellano explained that because "no California court prior to Dueñas had held it was unconstitutional to *489 impose fines, fees or assessments without a determination of the defendant's ability to pay," an objection on that ground would have been futile. ( Ibid. ) Since the record contained no evidence regarding the defendant's ability to pay the challenged assessments and restitution fine, the court remanded to the trial court for a limited hearing on the ability to pay. ( Id. at pp. 490-491, 245 Cal.Rptr.3d 138.)
People v. Johnson (2019) 35 Cal.App.5th 134, 247 Cal.Rptr.3d 1 relied on the same exception to the forfeiture doctrine based upon a change in the law.
*932 Johnson noted that while Dueñas is founded on longstanding constitutional principles, the statutes at issue "were routinely applied for so many years without successful challenge [citation], that we are hard pressed to say its holding was predictable and should have been anticipated." ( Id. at p. 138, 247 Cal.Rptr.3d 1.) But in Johnson , unlike in Castellano , the court concluded that any error in the trial court's imposition of fines, fees, and assessments without first determining the defendant's ability to pay was harmless because evidence in the record (like the defendant's past income-earning capacity and ability to earn prison wages over his lengthy term of incarceration) demonstrated an ability to pay. ( Id. at p. 139, 247 Cal.Rptr.3d 1.)
Other recent appellate court decisions have declined to apply this exception to the forfeiture doctrine. In People v. Frandsen (2019) 33 Cal.App.5th 1126, 245 Cal.Rptr.3d 658, the court explained that given its application of long-established principles, Dueñas did not represent an unforeseen, dramatic departure from established law. ( Id. at pp. 1153-1155, 245 Cal.Rptr.3d 658 ; accord People v. Bipialaka (2019) 34 Cal.App.5th 455, 246 Cal.Rptr.3d 177.)
Santos urges this court to follow Castellano and Johnson. He argues that at the time of his sentencing, trial counsel had no legal precedent to support an argument based on inability to pay. Santos requests a limited remand to the superior court for a hearing in which he can present evidence of his inability to pay the fees. The Attorney General concedes that a limited remand is appropriate for a determination of Santos's ability to pay the court operations and criminal conviction assessments.
We agree that prior to Dueñas , it was not reasonably foreseeable that a trial court would entertain an objection to assessments that are prescribed by statute. The standard is "the 'state of the law as it would have appeared to competent and knowledgeable counsel at the time of the trial.' " ( People v. Black, supra , 41 Cal.4th at p. 811, 62 Cal.Rptr.3d 569, 161 P.3d 1130.) Santos's sentencing occurred about one year before Dueñas was decided. Neither Penal Code section 1465.8 nor Government Code section 70373 authorized the trial court to factor a defendant's ability to pay in imposing the assessments; absent compelling circumstances like those affecting the defendant in Dueñas , an objection on that basis would probably have been futile. Dueñas for the first time applied due process principles to evaluate the punitive impact of the assessments, which in prior cases had been analyzed strictly as nonpunitive administrative assessments for court funding (see People v. Alford (2007) 42 Cal.4th 749, 755-759, 68 Cal.Rptr.3d 310, 171 P.3d 32 ; People v. Castillo (2010) 182 Cal.App.4th 1410, 1412-1415, 106 Cal.Rptr.3d 688 ). As the California Supreme Court has recognized, "[t]he circumstance that some attorneys may have had the foresight to raise th[e] issue does not mean that competent and knowledgeable counsel reasonably could have been expected to have anticipated" it. ( People v. Black, supra , at p. 812, 62 Cal.Rptr.3d 569, 161 P.3d 1130.)
*490 *933 What is more, unlike cases in which the defendant's financial status never entered the trial record, Santos's trial counsel objected to the probation department's recommended restitution fine based on his indigence. The court reduced the fine to the minimum amount, consistent with its statutory authorization to consider inability to pay only when increasing the amount of the restitution fine in excess of the minimum. ( Pen. Code, § 1202.4, subds. (c), (d).) Santos's handwritten modification of paragraph 18 of the plea agreement to remove language stating that he did not contest his ability to pay those fines, fees, or assessments for which the court may consider ability to pay, further indicates that Santos did not intend to waive any argument contesting his ability to pay.
We conclude that Santos's claim on appeal, based upon inability to pay under the principles established in Dueñas , is not forfeited by the failure to object on that basis at sentencing.
C. The Record Supports a Limited Remand for an Ability-to-Pay Determination
The parties appear to agree on the merits that in accordance with the principles announced in Dueñas , the trial court should not have imposed the court operations and criminal conviction assessments without first determining Santos's ability to pay, since the record shows that he was indigent at the time of sentencing.[5] Both sides propose that the matter should be remanded for an ability-to-pay determination.
The record in this case establishes that Santos was indigent at the time of sentencing. He was represented by the public defender at trial-a fact that while not determinative, entitles him "to a presumption of indigence for most purposes." ( People v. Rodriguez (2019) 34 Cal.App.5th 641, 645, 246 Cal.Rptr.3d 392.) As noted above, Santos's trial counsel objected to imposition of a restitution fine in excess of the minimum statutory amount on the basis of his indigence. And according to the probation record, Santos is homeless and unable to sustain employment or find housing. He is diagnosed with bipolar disorder and schizophrenia, which require daily medications, and suffers from a back injury, for which he receives $800 per month in Social Security benefits.
On this record, we might infer an inability to pay even the limited amount remaining at issue, consisting of the $80 court operations assessment *934 ( Pen. Code, § 1465.8 ) and $60 criminal conviction assessment ( Gov. Code, § 70373 ). (We do not consider the $300 restitution fine, for which Santos has not raised a claim in his supplemental briefing.) But given the range of relevant considerations in determining whether the defendant is able to pay, we decline to make that determination. We accordingly remand the matter to the trial court so that Santos may request a hearing and present evidence demonstrating his contended inability to pay the assessments.
We offer two additional points as guidance to the trial court and the parties upon remand. First, we agree with the majority's observation in a recently-filed opinion by Division 1 of the Fourth District, that it is the defendant's burden to demonstrate an inability to pay, not the *491 prosecution's burden to show the defendant can pay, as the Dueñas decision might be read to suggest. (See People v. Kopp, supra , 38 Cal.App.5th at pp. 76-78, 250 Cal.Rptr.3d 852 ; cf. Dueñas, supra , 30 Cal.App.5th at p. 1172, 242 Cal.Rptr.3d 268.) This is consistent with the Castellano court's interpretation of Dueñas as requiring a defendant to "contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing present evidence of his or her inability to pay the amounts contemplated by the trial court." ( Castellano , supra , 33 Cal.App.5th at p. 490, 245 Cal.Rptr.3d 138.)
We also agree with the majority in People v. Kopp that in weighing the defendant's ability to pay the fee at issue, the trial court may consider, if applicable, the defendant's ability to earn wages such as while serving his or her prison sentence. ( People v. Kopp, supra , 38 Cal.App.5th at pp. 76-78, 250 Cal.Rptr.3d 852 ; accord Castellano, supra , 33 Cal.App.5th at p. 490, 245 Cal.Rptr.3d 138 [factors may include potential prison pay during the period of incarceration to be served by the defendant].) Although Dueñas holds that the trial court must evaluate a defendant's "present ability to pay" the fee ( Dueñas, supra , 30 Cal.App.5th at p. 1164, 242 Cal.Rptr.3d 268, italics added), that term should not restrict the trial court's reasonable consideration of relevant factors. Such factors may include housing status, mental illness or disability, receipt of government benefits, and realistic ability to earn prison wages or obtain employment.[6]
III. DISPOSITION
The judgment is reversed and the matter is remanded for the limited purpose of affording Santos the opportunity to request a hearing on his ability *935 to pay assessments imposed by the trial court. If Santos demonstrates the inability to pay, the trial court must strike the court operations assessment ( Pen. Code, § 1465.8 ) and the criminal conviction assessment ( Gov. Code, § 70373 ). If he fails to demonstrate his inability to pay these amounts, the assessments may remain as imposed.
I CONCUR:
Greenwood, P.J.

Our records show that our letter advising Santos of his right to submit argument was returned as undeliverable. We have confirmed with Santos's counsel that the address on file for Santos matches the address in his counsel's file. His counsel has declared that she notified Santos of her intention to request independent review under Wende and of his right to file written argument on his own behalf.

Our dissenting colleague believes that Dueñas was wrongly decided. We recognize the broad ramifications of the Dueñas decision. We share our colleague's concern about any improvident or unwarranted extension of constitutional principles. Yet because we believe that Dueñas realistically and correctly assessed the disproportionate burden that the accumulation of fines has on the very poor-at times transforming what might be merely "associated collateral consequences" (dis. opn., p. 495) for those who can pay into a form of additional punishment for those who cannot pay-we apply its holding here.

The facts summarized here are taken from the probation report filed on January 26, 2018 and from the preliminary hearing testimony of May 10, 2017.

We note for completeness that at least two recent opinions have addressed whether the excessive fines clause provides a more proper basis to evaluate the constitutionality of the fine or fee imposed. (See People v. Gutierrez (2019) 35 Cal.App.5th 1027, 1034, 247 Cal.Rptr.3d 850 (conc. opn. of Benke, J.) [disagreeing with Dueñas 's general application of due process and equal protection principles to the statutory assessment of fines and fees, which instead should be analyzed under the excessive fines clauses of the Eighth Amendment of the federal Constitution and of article I, section 17 of the California Constitution ]; People v. Kopp (2019) 38 Cal.App.5th 47, 76-78, 250 Cal.Rptr.3d 852 [holding there is no due process requirement for an ability-to-pay hearing before imposing a punitive fine, thus the restitution fine must be challenged under the excessive fines clauses of both the federal and state Constitutions]; id. at pp. 80-83, 250 Cal.Rptr.3d 852 (conc. opn. of Benke, J.).)

The Attorney General supports this proposition only as far as it applies to assessments enacted as funding sources for court programs and imposed on defendants who cannot pay-a practice the Attorney General describes in supplemental briefing as "unwise and unfair." To this end, the Attorney General expresses support for a legislative solution, as proposed in Dueñas, supra , 30 Cal.App.5th at page 1172, 242 Cal.Rptr.3d 268.

Castellano, supra , 33 Cal.App.5th at page 490, 245 Cal.Rptr.3d 138 states that the court "must consider all relevant factors in determining" the defendant's ability to pay. It references pending legislation that proposes factors to be considered in determining a defendant's ability to pay, including by way of example present financial circumstances, receipt of any government benefits, whether represented by court-appointed counsel, and the defendant's likelihood of obtaining employment within a six-month period. (Id. at p. 490, fn. 5, 245 Cal.Rptr.3d 138, citing Assem. Bill No. 927 (2019-2020 Reg. Sess.) § 1.)