Filed 1/29/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H045718 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. C1511050, C1526753) |
| v. | |
| QUINTEL OSHAY ADAMS, | |
| Defendant and Appellant. | |

Defendant Quintel Oshay Adams appeals from a judgment sentencing him to prison after he violated the terms of probation in two cases. His sole appellate argument is that the trial court violated his federal constitutional right to due process by imposing fines and fees without first assessing his ability to pay. (Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).) As we will explain, we conclude that *Dueñas* was wrongly decided and will therefore affirm the judgment.

## I. TRIAL COURT PROCEEDINGS

This case involves two felony complaints filed in 2015. (The underlying facts are irrelevant to the sole appellate issue.) Defendant was charged in the first case with felony assault by force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)), and two misdemeanors (case No. 1511050). As part of a negotiated disposition, defendant pleaded no contest to a fourth count added by oral amendment at the time of the plea: inflicting corporal injury on a person with whom he had a dating relationship. (Pen. Code, § 273.5.) Imposition of sentence was suspended, the original three counts were dismissed, and defendant was placed on formal probation. Defense counsel argued defendant did not have the ability to pay any fines or fees because he was homeless and

did not have a job. The trial court stated, "I won't impose [the] $330 restitution fund fine" or the probation revocation fine (Pen. Code, §§ 1202.4, 1202.44). However, the court imposed a $40 court operations assessment (Pen. Code, § 1465.8); a $30 court facilities funding assessment (Gov. Code, § 70373); a $129.75 criminal justice administration fee (Gov. Code, §§ 29550–29550.3); and a $25-per-month probation supervision fee.

A few months after being placed on probation in the first case, defendant was charged in the second case with failing to register as a sex offender (Pen. Code, § 290.011, subd. (b)) as a felony (case No. 1526753). In another negotiated disposition, defendant pleaded no contest to the charged count, imposition of sentence was suspended, and defendant again received a grant of formal probation. The court imposed a $300 restitution fine along with a $30 fee to cover administrative costs (Pen. Code, § 1202.4, subds. (b)(1), (*l*)) and imposed but suspended a $300 probation revocation fine (Pen. Code, § 1202.44); imposed a $40 court operations assessment (Pen. Code, § 1465.8) and imposed a $30 court facilities funding assessment (Gov. Code, § 70373). The court stated it would not "impose the criminal justice administration fee based on [defendant's] inability to pay."

The trial court held a contested probation violation hearing regarding both cases in early 2018. (Defendant voluntarily chose not to attend the hearing and had similarly refused to appear at multiple previous hearings despite being in local custody.) A probation officer testified about defendant's violations, including failing to participate in a substance abuse program, failing to complete court-ordered community service, and failing to report to probation as scheduled. The court revoked probation in both cases and sentenced defendant to two years in state prison, consisting of the lower term of two years for the corporal injury count in the first case, with a concurrent two-year term for failing to register as a sex offender in the second case. Defendant's sentence was deemed served based on presentence credits. The previously suspended probation revocation fine

2

in the second case was ordered to be paid. The court imposed and suspended a $300 parole revocation fine (Pen. Code, § 1202.45) in each case.

## II. DISCUSSION

Based on *Dueñas*, defendant argues his federal constitutional right to due process was violated when fines and fees were imposed without determining that he would be able to pay them. As defendant raised in the trial court his inability to pay generally and he was sentenced before *Dueñas* was filed, we reject the People's contention that defendant forfeited his appellate arguments.

A two-justice majority from a different panel of this court recently followed *Dueñas* in a case where the People conceded that *Dueñas* applied. (*People v. Santos* (2019) 38 Cal.App.5th 923.) But consistent with more recent published authority (and the dissent in *Santos*), we conclude that *Dueñas* was wrongly decided. (See *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946 (*Hicks*); *People v. Aviles* (2019) 39 Cal.App.5th 1055; *People v. Allen* (2019) 41 Cal.App.5th 312, 326–328.)

Hicks was convicted of, among other things, resisting an executive officer. He was placed on formal probation and ordered to pay various fines and fees, including a restitution fine (Pen. Code, § 1202.4, subd. (b)(1)), a court operations assessment (Pen. Code, § 1465.8), and a court facilities funding assessment (Gov. Code, § 70373). (*Hicks*, *supra*, 40 Cal.App.5th at p. 324, rev. granted.) Hicks challenged the fines and fees based on the reasoning of *Dueñas*. The *Hicks* court described *Dueñas* as holding that " 'due process of law requires [a] trial court to ... ascertain a defendant's present ability to pay before it *imposes*' (1) 'court facilities and court operations assessments' [citations], or (2) a restitution fine." (*Hicks*, at p. 325, quoting *Dueñas*, *supra*, 30 Cal.App.5th at pp. 1164, 1167, 1172, italics in *Hicks*.) The *Hicks* court observed that *Dueñas* "wove together two distinct strands of due process precedent." (*Hicks*, at p. 325.) Under the first strand courts must waive otherwise-applicable costs if requiring them would

3

preclude indigent litigants from access to the courts. (*Ibid*., citing *Griffin v. Illinois* (1956) 351 U.S. 12, 19 [requiring free court transcripts for use on appeal by indigent defendants].) The second strand prohibits incarcerating individuals based on failure to pay criminal penalties when that failure is due to indigence rather than willful defiance. (*Hicks*, at p. 325, citing *In re Antazo* (1970) 3 Cal.3d 100, 103–104, 113–114 (*Antazo*).)

*Hicks* noted that *Dueñas* represents an expansion of those due process strands because the fines at issue in *Dueñas* neither interfered with the right to appeal nor imposed an assessment that triggered immediate incarceration. (*Hicks*, *supra*, 40 Cal.App.5th at p. 326, rev. granted.) *Hicks* found the expansion unwarranted for two reasons. First, essentially banning the imposition of any fine or fee against an indigent defendant is inconsistent with *Antazo*, where the Supreme Court refused to hold " 'that the imposition upon an indigent offender of a fine [or] penalty assessment, either as a sentence or as a condition of probation, constitutes of necessity in all instances a violation of the equal protection clause.' " (*Hicks*, at p. 327, quoting *Antazo*, *supra*, 3 Cal.3d at p. 116.) Second, *Dueñas* is inconsistent with the rehabilitative purpose of probation because one way to encourage rehabilitation is to require a probationer to make an effort to repay his or her debt to society. (*Hicks*, at p. 327.) The *Hicks* court concluded that *Dueñas* was wrongly decided and affirmed imposition of the fines and fees at issue. (*Hicks*, at p. 329.) We find *Hicks* persuasive. *Dueñas's* conclusion is not supported by the authorities it cited and is inconsistent with due process jurisprudence. We likewise conclude that *Dueñas* was wrongly decided.

*Dueñas* is also factually distinguishable from the case here. Penal Code section 1202.4, subdivision (c) vests discretion in the trial court to waive a restitution fine on a showing of "compelling and extraordinary reasons," but a "defendant's inability to pay shall not be considered a compelling and extraordinary reason." Wholly separate from any inability to pay, compelling and extraordinary reasons were present in the case of Ms. Dueñas, who was homeless with two young children; did not have a high school

4

diploma or a job because of cerebral palsy; and had no bank account or credit card. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1160.) Defendant here presented no similar compelling and extraordinary reasons to justify a restitution fine waiver.

We agree with *Hicks* that the "fundamental policy question presented in *Dueñas* is a nettlesome one," but attempts to change that policy must be first addressed to the Legislature. (*Hicks*, *supra*, 40 Cal.App.5th 329, rev. granted.) As defendant's appellate argument is based entirely on *Dueñas* and opinions following *Dueñas*, we conclude defendant has not demonstrated error in the trial court's consideration of his financial circumstances or imposition of fines and fees.

### III.    DISPOSITION

The judgment is affirmed.

_____

Grover, J.

I CONCUR:


_____

Elia, J.

**H045718 - *The People v. Adams***

PREMO, Acting P.J., Dissenting.

I respectfully dissent from my colleagues' conclusion that *People v. Dueñas* (2019) 30 Cal.App.5th 1157 was wrongly decided. At Adams's sentencing in case No. 1511050, defense counsel argued that Adams was homeless and unemployed and, apparently in reliance on these representations, the trial court stated, "I won't impose [the] $330 restitution fund fine" or the probation revocation fund fine (Pen. Code, §§ 1202.4, 1202.44). At sentencing in case No. 1526753, the trial court declined to "impose the criminal justice administration fee based on [defendant's] inability to pay." Given that the trial court expressly recognized Adams's inability to pay, I would remand the matter to the trial court for a hearing on Adams's ability to pay the remaining fines and fees. (*People v. Santos* (2019) 38 Cal.App.5th 923, 933-934.)

_____
                              Premo, Acting P.J.

People v. Adams
H045718

| Trial Court: | Santa Clara County Superior Court, Case Nos.: C1511050, C1526753 |
| --- | --- |
| Trial Judge: | Hon. Elizabeth C. Peterson |
| Attorneys for Plaintiff/Respondent: The People | Xavier Becerra<br>  Attorney General of California<br>Gerald A. Engler<br>  Chief Assistant Attorney General<br>Jeffrey M. Laurence<br>  Senior Assistant Attorney General<br>Seth K. Schalit<br>  Supervising Deputy Attorney General<br>Katie L. Stowe<br>  Deputy Attorney General |
| Attorneys for Defendant/Appellant: Quintel Oshay Adams | William Robinson<br>  Under Appointment by the Court of Appeal |

**H045718 -** *The People v. Adams*