Filed 11/25/20  P. v. Kincherlow CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT KINCHERLOW,<br><br>    Defendant and Appellant. | B303342<br><br>(Los Angeles County Super. Ct. No. MA073837) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Affirmed.

Rudolph J. Alejo, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, David E. Madeo, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Robert Kincherlow appeals the trial court's imposition of $120 in court operations fees (Pen. Code, § 1465.8),[1] $90 in criminal conviction assessment fees (Gov. Code, § 70373), and a $300 restitution fine (§ 1202.4, subd. (b)). Kincherlow contends that the trial court violated his Eighth and Fourteenth Amendment rights by determining that he had the ability to pay the fees and fine because he was unemployed and indigent at the time of the sentencing hearing and was likely to remain unemployed and indigent following release from prison. We affirm the trial court's judgment.

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

# PROCEDURAL HISTORY[2]

The jury found Kincherlow guilty of assault with a firearm (§ 245, subd. (a)(2) [count 2]), and found true the allegation that Kincherlow personally used a firearm in that count (§ 12022.5). It also found Kincherlow guilty of felon in possession of a firearm (§ 29800, subd. (a)(1) [count 5]) and two counts of negligent discharge of a firearm (§ 246.3, subd. (a) [counts 6 and 7]). He was sentenced to eight years eight months in prison. Kincherlow timely appealed. We held that the trial court erred by failing to give a unanimity instruction, reversed his conviction for assault with a firearm in count 2 and the corresponding enhancement for personal use of a firearm, and remanded the matter for further proceedings.

On remand, the prosecution opted not to retry count 2, and the charge was dismissed pursuant to section 1382. The trial court sentenced Kincherlow on the remaining counts (counts 5, 6, & 7) to three years eight months in state prison.

At the sentencing hearing, the trial court initially imposed $120 in court operations fees (Pen. Code, § 1465.8), $90 in criminal conviction assessment fees (Gov. Code, § 70373), and a $900 restitution fine (§ 1202.4, subd. (b)).

---

[2] The summary of the underlying proceedings is taken from our prior unpublished opinion in *People v. Kincherlow* (Aug. 28, 2019, B292642). We do not include a recitation of the underlying facts of the offenses as they are not necessary to our resolution of the issues.

Counsel informed the court that Kincherlow was indigent, and requested that the court waive any fees that it had the authority to waive.

The court questioned Kincherlow concerning his ability to pay. Kincherlow informed the court that his house had been foreclosed upon, and that he had not received any "refunds." Kincherlow stated that he had lost his job and was no longer receiving worker's compensation payments. The court asked, "So upon your release, do you believe you'd be dependent on some sort of government benefits or something like that?" Kincherlow responded, "I am hoping my skills will give me back my two weeks -- [Unintelligible.]" Kincherlow also indicated that he had no assets.

The court ruled, "What I am going to do, because it seems that Mr. Kincherlow will be able to work upon his release, it is simply a matter of his securing employment, and what I will do, though, is I will impose the statutory minimum. Rather than the [$]900 [restitution fine], it will be $300."

Kincherlow timely appealed.

## DISCUSSION

We reject Kincherlow's contention that the court violated his Eighth and Fourteenth Amendment rights when it concluded that he had the ability to pay the imposed fine and fees.

4

In *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), upon which Kincherlow relies, the defendant presented undisputed evidence of her inability to pay, and the trial court waived her attorney fees.  However, the court found it was statutorily required to impose a court facilities assessment and a court operations assessment, and that it was prohibited from considering her inability to pay as a "'compelling and extraordinary reason[]'" that would permit waiver of the minimum restitution fine.  (*Id*. at p. 1163.)  It therefore imposed the assessments and fine despite its finding that Dueñas was unable to pay them.  (*Ibid*.)

The Court of Appeal, Second Appellate District, Division Seven, held that the consequences Dueñas faced amounted to punishment on the basis of poverty, which the state and federal constitutional rights to due process and equal protection forbid.  (*Dueñas, supra*, 30 Cal.App.5th at pp. 1166–1172.)  The court's decision was rooted in the well-established constitutional principles that "'allow no invidious discriminations between persons and different groups of persons'" and prohibit "inflict[ing] punishment on indigent convicted criminal defendants solely on the basis of their poverty."  (*Id*. at p. 1166.)  The *Dueñas* court concluded that due process requires trial courts to determine a defendant's ability to pay before it may impose the assessments mandated by section 1465.8 and Government Code section 70373, and requires trial courts to stay execution of any restitution fine imposed under section 1202.4 until it has been determined that the defendant has the ability to pay

the fine.  (*Id*. at pp. 1172–1173.)  It reversed the trial court's order imposing the court facilities assessment and court operations assessment, and directed it to stay the execution of the restitution fine unless and until it was demonstrated that Dueñas had the present ability to pay it.  (*Ibid*.)

In the wake of *Dueñas*, these conclusions have spurred numerous defendants to challenge imposition of fines, fees, and assessments in the absence of an ability to pay hearing.  Some courts have held that defendants must challenge some excessive fines under the Eighth Amendment.  (*People v. Cowan* (2020) 47 Cal.App.5th 32, 42–43 (*Cowan*), review granted June 17, 2020, S261952 [fines, fees, and assessments must be challenged under the Eighth Amendment]; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069–1071 (*Aviles*) [same]; *People v. Kopp* (2019) 38 Cal.App.5th 47, 96–97 (*Kopp*), review granted Nov. 13, 2019, S257844 [analyzing imposition of restitution fine under the Eighth Amendment].)  There is also division regarding whether an ability to pay hearing is required (see, e.g., *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946 [rejecting *Dueñas* as wrongly decided]; *Aviles*, *supra*, 39 Cal.App.5th at pp. 1067–1068 [same]), and the question is now pending before our Supreme Court (*People v. Kopp*, review granted Nov. 13, 2019, S257844).

Even if we were to assume that *Dueñas* was correctly decided, it is inapplicable here.  Kincherlow had an ability to

pay hearing,[3] and, unlike *Dueñas*, where the defendant presented undisputed evidence of an inability to pay that was accepted by the court, here Kincherlow did not present undisputed evidence of an inability to pay.[4] We review

_____

[3] Kincherlow does not contend on appeal that the trial court failed to give him a hearing. Nor did Kincherlow or his counsel contend at the time of sentencing that the trial court's questioning of him was insufficient, or that there was additional information they wanted to present to the court.

[4] The Supreme Court has also granted review to consider which party bears the burden of proof in an ability to pay hearing. (*People v. Kopp*, review granted Nov. 13, 2019, S257844.) Although it has been suggested that *Dueñas* can be read to place the burden of proving the defendant's inability to pay on the prosecution (*Cowan, supra*, 47 Cal.App.5th at p. 49; *Kopp, supra*, 38 Cal.App.5th at p. 96), we do not read *Dueñas* to so hold. Since *Dueñas* was decided, the same division—including the authoring justice in *Dueñas* itself—has held that the burden is on the defendant to demonstrate his inability to pay. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490 (*Castellano*).) Indeed, every published case to address the issue is in agreement on this point. (*Cowan, supra*, at p. 49; *People v. Keene* (2019) 43 Cal.App.5th 861, 864; *People v. Taylor* (2019) 43 Cal.App.5th 390, 402; *People v. Belloso* (2019) 42 Cal.App.5th 647, 662, review granted Mar. 11, 2020, S259755; *People v. Santos* (2019) 38 Cal.App.5th 923, 934; *Kopp, supra*, at p. 96; *Castellano, supra*, at p. 490.) In the absence of direction from our Supreme Court, we likewise conclude that the defendant bears the burden of proving his inability to pay.

Kincherlow's challenges to the validity of the trial court's *determination* that he had the ability to pay the fine and fees for abuse of discretion. (See *People v. Lewis* (2009) 46 Cal.4th 1255, 1321 [applying an abuse of discretion standard to a restitution fine]; see also *People v. Potts* (2019) 6 Cal.5th 1012, 1057 [trial court "was permitted to conclude that the monetary burden the restitution fine imposed on defendant was outweighed by other considerations"]; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 504–505 [trial court did not abuse its discretion in imposing the maximum restitution fine under section 1202.4, subdivision (b)].)

In this case, although Kincherlow asserted that he could not pay the fines and fees imposed at the time of his sentencing hearing, the trial court based its determination on its conclusion that Kincherlow had not demonstrated that he would be unable to earn wages in prison or obtain employment thereafter. Kincherlow did not contend he would be dependent on government assistance, did not contend that he had health or other problems that prevented him from being gainfully employed (and in fact referenced that he had skills), and did not dispute the court's finding that paying the fine and fees was a matter of his securing employment after release from prison. Kincherlow presented no evidence contrary to the trial court's findings. Thus, the trial court did not abuse its discretion when it determined that Kincherlow failed to demonstrate an inability to pay the fine and fees imposed. (See *People v. Valles* (2020) 49 Cal.App.5th 156, 164, review granted Jul.

22, 2020, S262757 [defendant who did not demonstrate he was ineligible to work in prison did not meet burden of showing inability to pay]; *Aviles, supra,* 39 Cal.App.5th at p. 1076 [wages that appellant may earn in prison may be considered when determining ability to pay fines]; *Kopp, supra,* 38 Cal.App.5th at p. 96 [same]; *Castellano, supra,* 33 Cal.App.5th at p. 490 [same].)

## DISPOSITION

We affirm the trial court's judgment.


MOOR, J.

We concur:


RUBIN, P. J.


KIM, J.

9