Filed 2/24/21  P. v. Gonzalez CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>BRYAN JESUS GONZALEZ,<br><br>　　　Defendant and Appellant. | H047757<br>(Santa Clara County<br>Super. Ct. No. C1905602) |

Appellant Bryan Jesus Gonzalez appeals the imposition by the trial court of fines and fees in his criminal case after the court found he did not have the present ability to pay them and without holding an evidentiary hearing on his ability to pay.  For the reasons set forth below, we affirm the judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND

The facts of Gonzalez's offenses are irrelevant to the issues in this appeal.  On March 26, 2019, Gonzalez was charged by complaint with carjacking (Pen. Code, § 215, subd. (a); count 1)[1], misdemeanor hit-and-run driving causing property damage (Veh. Code, § 20002, subd. (a); count 2), misdemeanor possession of burglar tools (§ 466;count

---

[1] Unspecified statutory references are to the Penal Code.

3), and misdemeanor driving while unlicensed (Veh. Code, § 12500, subd. (a); count 4).[2] In connection with count 1, the complaint alleged that Gonzalez personally used a semi-automatic handgun in the commission of the carjacking. (§ 12022.53, subd. (b).) The complaint also alleged that Gonzalez had suffered a prior violent or serious felony conviction (strike prior) (§§ 667, subd. (b)-(i), 1170.12) and a prior serious felony (§ 667, subd. (a).)

On November 4, 2019, Gonzalez pleaded no contest to the carjacking charge in count 1 and admitted the strike prior pursuant to a plea agreement in which he agreed to serve six years' imprisonment. On January 3, 2020, the trial court sentenced Gonzalez to six years' imprisonment on count 1 with credit for time served of 336 days and dismissed the remaining counts.[3]

Regarding the fines, fees, and assessments, Gonzalez requested that the trial court impose the minimum restitution fine of $300 and stay all fines and fees pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). Gonzalez's counsel noted that Gonzalez would be paying $917 in restitution, and the People had not presented any evidence Gonzalez would be incarcerated in a prison where he would be able to earn any money. As an offer of proof, Gonzalez's defense counsel indicated that Gonzalez had been unemployed for a long period of time and did not know whether he would be able to work in prison. Gonzalez's defense counsel also asserted that Gonzalez was prepared to testify to these facts.

The trial court accepted Gonzalez's offer of proof and "stipulate[d]" that Gonzalez "at the very current time" had no ability to pay the fines and fees. In response to

---

[2] Gonzalez was also charged in a separate complaint, docketed in the superior court as case No. B1901636. The disposition of that matter is irrelevant to the issues here.

[3] Gonzalez was also sentenced on two separate dockets (case Nos. C1883471 and C1896773) involving violations of probation. The disposition of those matters is irrelevant to this appeal.

Gonzalez's *Dueñas* request, the trial court observed that Gonzalez would not "face additional incarceration" unless there were a finding in the future that he willfully avoided paying the fines and fees. The court stated "[i]f [Gonzalez] wants a hearing at this time, I suppose I could give one to him, but the issue is whether or not he would be able to pay fines and fees during the period of incarceration or parole or PRCS." The trial court stated that it believed, pursuant to decisions from the Courts of Appeal, such as *People v. Santos* (2019) 38 Cal.App.5th 923 (*Santos*), the defendant bears the burden under *Dueñas* to show inability to pay. The court indicated that it would apply the "mandated minimum fines and fees pursuant to the formulas that the [L]egislature, in its infinite wisdom, saw reasonable to apply."

In addition, the trial court indicated that it intended to follow those decisions from the Courts of Appeal that had disagreed with *Dueñas*. The court observed that Gonzalez in his six years of incarceration will likely receive job training. Given the length of his prison term and the three additional years Gonzalez would spend on parole or PRCS, the trial court found the imposition of fines and fees "appropriate."

After making these rulings, the trial court imposed a restitution fine of $1800 (§ 1202.4, subd. (b)), a suspended probation revocation restitution fine of $1800 (§ 1202.44), a $30 criminal conviction assessment (Gov. Code, § 70373), a $40 court operations assessment (§ 1465.8), a $129.75 criminal justice administration fee (Gov. Code, §§ 29550, 29550.1, 29550.2), and a $10 fine plus penalty assessment (§ 1202.5), and ordered $917.63 in restitution to be paid to the California Victim Compensation Board. Gonzalez was 20 years old at the time of his sentencing.

## II. DISCUSSION

On appeal, Gonzalez argues that the trial court's imposition of fines and fees without a hearing to determine his ability to pay violated his due process and equal protection rights. He states that the trial court erred when it concluded that under *Dueñas* the defendant should bear the burden of proof on inability to pay. In addition, Gonzalez

3

contends that the trial court's conclusion that he could pay the fines and fees based on prison wages or during his incarceration or period of parole lacks substantial evidence in light of the trial court's finding that Gonzalez had no present ability to pay the fines. Gonzalez suggests a number of potential remedies for the trial court errors he identifies— reducing the restitution fine to the statutory minimum of $300, staying its execution, or striking or staying the other fines and fees imposed. Alternatively, Gonzalez requests a remand for the trial court to conduct an evidentiary hearing on his ability to pay.

Gonzalez's due process and equal protection arguments rely on *Dueñas* and cases following its reasoning, including *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844 (*Kopp*). "In January 2019, *Dueñas* held that 'due process of law requires [a] trial court to . . . ascertain a defendant's present ability to pay before it *imposes*' (1) 'court facilities and court operations assessments' (under Pen. Code § 1465.8 and Gov. Code, § 70373, respectively), or (2) a restitution fine (under Pen. Code, § 1202.4)." (*People v. Hicks* (2019) 40 Cal.App.5th 320, 325, review granted Nov. 26, 2019, S258946.) Panels of this court and other Courts of Appeal have reached differing conclusions on whether *Dueñas* was correctly decided. (See, e.g., *Hicks*, at pp. 325–329; *People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 860 [joining "those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments discussed in *Dueñas*"]; *Santos*, *supra*, 38 Cal.App.5th at pp. 933–934; *People v. Adams* (2020) 44 Cal.App.5th 828, 831–832, review den. Apr. 15, 2020, S261092 (*Adams*); *People v. Petri* (2020) 45 Cal.App.5th 82, 92.) Moreover, the issue is pending before the California Supreme Court. (*Kopp*, at p. 47.)[4]

---

[4] In particular, the issues pending before the California Supreme Court in *Kopp* are: "(1) Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? (2) If so, which party bears the burden of proof regarding the defendant's inability to pay?"

For the reasons stated in *Adams*, *supra*, 44 Cal.App.5th at pp. 831–832, we conclude *Dueñas* was wrongly decided.  We also decide Gonzalez's case is distinguishable on its facts from the extreme hardships suffered by the defendant in that case.  (See *Dueñas*, *supra*, 30 Cal.App.5th at pp. 1160–1161.)  We therefore reject Gonzalez's argument that his due process and equal protection rights were violated by the trial court's imposition of the fines and fees required by statute without holding a formal hearing on his ability to pay them.

Here, the trial court set the restitution fine according to the calculation expressly approved by the Legislature in section 1202.4, subd. (b)(2).[5]  As Gonzalez does not contend that the trial court erred as a matter of statutory law in determining any of the fines and fees, we affirm the judgment.

### III.  DISPOSITION

The judgment is affirmed.

---

[5] That statute provides "In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."  (§ 1202.4, subd. (b)(2).)  Further, the statute states "In setting the amount of the fine pursuant to subdivision (b) in excess of the minimum fine pursuant to paragraph (1) of subdivision (b), the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime.  Those losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime.  *Consideration of a defendant's inability to pay may include his or her future earning capacity.  A defendant shall bear the burden of demonstrating his or her inability to pay.  Express findings by the court as to the factors bearing on the amount of the fine shall not be required.  A separate hearing for the fine shall not be required.*"  (§ 1202.4, subd. (d), italics added.)

_____
            Danner, J.

I CONCUR:


_____
Grover, J.


**H047757**
***People v. Gonzalez***

Greenwood, P.J., Dissenting:

I respectfully dissent. First, I continue to be persuaded by the reasoning in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). (See *People v. Santos* (2019) 38 Cal.App.5th 923 (*Santos*).)

Second, I would reverse and remand for a hearing on defendant's future ability to pay the fines and fees. Gonzalez requested a hearing on his ability to pay. The trial court adopted the stipulation that Gonzalez had no ability to pay the fines and fees at the time of the hearing, but the court presumed he would have the ability to pay them in prison or on parole. The record is devoid of any substantial evidence to support such a finding, and I would conclude the trial court abused its discretion in so ruling.

In other appeals raising *Dueñas*, I have accepted the conclusion that a defendant facing a lengthy prison term would have the ability to pay based on prison wages. But here, the defendant was sentenced to a term of only six years with nearly a year of credit for time served. He also faced a victim restitution payment of $917, which he does not challenge. His attorney proffered testimony that Gonzalez had no knowledge of where he would be imprisoned, nor whether he would have any ability to earn wages while in custody.

The trial court did not dispute these assertions, but the court adopted the position it was defendant's burden to prove ability to pay, citing *Santos*. I agree that a defendant is appropriately burdened with proving his *current* ability to pay at the time of sentencing. But where it is undisputed that defendant has no ability to pay at the time of sentencing, it is unreasonable to require him to further prove he will have no ability to pay while imprisoned, as the conditions of custody are out of his control and unknowable to him. I conclude that there is no evidence supporting the court's finding that Gonzalez would have the ability to pay the fines and fees imposed by the trial court.

For these reasons, I respectfully dissent.

_____

Greenwood, P.J.

People v. Gonzalez
No. H047757