Filed 8/30/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061609 |
| v. | (Super. Ct. No. 21NF2816) |
| EWARD ANTHONY CEJA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Robert A. Knox, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Junichi P. Semitsu and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Edward Anthony Ceja of being a felon in possession of ammunition and other charges.  (Pen. Code, § 30305, subd. (a)(1).)[1]  On appeal, Ceja's sole claim is that the felon in possession of ammunition statute facially violates the Second Amendment to the United States Constitution:  "A well regulated Militia, being necessary to the security of a free State, the right of *the people* to keep and bear Arms, shall not be infringed."  (Italics added.)

Another Court of Appeal recently held that California's laws prohibiting felons from possessing firearms and ammunition do not violate the Constitution because "only *law-abiding citizens* are included among '*the people*' whose right to bear arms is protected by the Second Amendment."  (*People v. Alexander* (2023) 91 Cal.App.5th 469, 478, italics added (*Alexander*).)  We agree and affirm the judgment.

I

FACTS AND PROCEDURAL BACKGROUND

This appeal concerns only a facial challenge to a statute.  Accordingly, the underlying facts are not particularly relevant.  Very briefly, during an apparent incident of road rage, Ceja shot a firearm from his vehicle into another vehicle.  Police later arrested Ceja while he was holding a backpack containing methamphetamine and a loaded handgun.

A jury convicted Ceja of two counts of assault with a firearm, one count of being a felon in possession of ammunition, and one count of possessing a controlled substance while armed with a firearm.  The trial court found true allegations of three prior strike convictions and three prior serious felony convictions.  At a later sentencing hearing, the court dismissed four of Ceja's prior conviction allegations and imposed a term of 17 years in state prison.

---

[1] Further undesignated statutory references are to the Penal Code.

## II

## DISCUSSION

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." Section 30305, subdivision (a)(1) provides: "No person prohibited from owning or possessing a firearm . . . shall own, possess, or have under custody or control, any ammunition or reloaded ammunition."

On appeal, Ceja argues for the first time that the state statute is facially invalid under the Second Amendment, primarily relying on a Supreme Court opinion filed after his trial. (*New York State Rifle & Pistol Association, Inc. v. Bruen* (2022) 597 U.S. ___ [142 S.Ct. 2111] (*Bruen*).) As such, Ceja's argument has not been forfeited. (*People v. Santos* (2019) 38 Cal.App.5th 923, 931.) This is a pure legal issue, so our review is de novo. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887.)

Although we will be independently reviewing this relatively novel issue, this will not be an exercise in creative writing. Our analysis is largely guided by three prior opinions: (A) *District of Columbia v. Heller* (2008) 554 U.S. 570 (*Heller*); (B) *Bruen*, *supra*, 142 S.Ct. 2111; and (C) *Alexander*, *supra*, 91 Cal.App.5th 469.


*A. Law-abiding citizens have the right to keep and bear arms in their homes.*

In *Heller*, a District of Columbia special police officer, Dick Heller, sought to keep a handgun in his home. (*Heller*, *supra*, 544 U.S., at p. 575.) Heller's request was denied because a local District law banned all handguns and further required any firearms in a person's home to be kept inoperable for immediate use. (*Id.* at pp. 575–576.) The Supreme Court interpreted the Second Amendment to confer an individual right—not tied to service in a militia—to possess a firearm and to use it for the purposes of self-defense within the home. (*Id.* at pp. 577.) The Court stated, "the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition

3

against rendering any lawful firearm in the home operable for the purpose of immediate self-defense. *Assuming that Heller is not disqualified from the exercise of Second Amendment rights*, the District must permit him to register his handgun and must issue him a license to carry it in the home." (*Id.* at p. 635, italics added.)

The Supreme Court emphasized: "Like most rights, the right secured by the Second Amendment is not unlimited." (*Heller*, *supra*, 554 U.S. at p. 626.) The Court stated the "right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." (*Ibid.*) The Court noted, "the Second Amendment does not protect those weapons not typically possessed by *law-abiding citizens*." (*Id.* at p. 625.) The Court explained, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the *possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." (*Id.* at pp. 626–627, italics added.)

*B. Law-abiding citizens have the right to keep and bear arms outside of their homes.*

In *Bruen*, two New York citizens requested licenses to carry handguns in public. (*Bruen*, *supra*, 142 S.Ct. at pp. 2124–2125.) The requests were denied because a state law generally prohibited carrying a firearm outside of the home, unless an applicant could "prove that 'proper cause exists'" in order to obtain the license. (*Id.* at pp. 2122–2123.) The Supreme Court held "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." (*Id.* at p. 2122.) The Court found the challenged New York law "violates the Fourteenth Amendment in that it prevents *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms." (*Id.* at p. 2156, italics added.)

The Supreme Court emphasized: "It is undisputed that petitioners Koch and Nash—two ordinary, *law-abiding*, adult citizens—are part of 'the people' whom the

4

Second Amendment protects." (*Bruen*, *supra*, 142 S.Ct. at p. 2134, italics added.) The *Bruen* majority repeated the phrase "law abiding" some 13 times. (*Id*. at pp. 2122, 2125, 2131, 2133, 2134, 2135, fn. 8, 2138 & fn. 9, 2150, 2156.) In a concurring opinion, a justice underscored: "Properly interpreted, the Second Amendment allows a 'variety' of gun regulations." (*Id.* at p. 2162 (conc. opn. of Kavanaugh, J.)

## C. Nonlaw-abiding citizens can be prohibited from possessing firearms or ammunition.

In *Alexander*, a San Bernardino County jury convicted Alex Alexander of being a felon in possession of a firearm (§ 29800, subd. (a)(1)) and being a felon in possession of ammunition (§ 30305, subd. (a)(1)). (*Alexander*, *supra*, 91 Cal.App.5th at p. 474.) On appeal, Alexander argued the statutes were "facially invalid under the Second Amendment because they violate his 'Second Amendment right to bear arms in self-defense under the new standard of review' in *Bruen*, *supra*, 142 S.Ct. 2111." (*Ibid.*) The Court of Appeal was "not persuaded." (*Ibid*.)

The justices in *Alexander* synthesized the cases and found the Supreme Court had crafted a two-step test for assessing the challenged constitutionality of a statute under the Second Amendment. (*Alexander*, *supra*, 91 Cal.App.5th at p. 476.) The first step is: "'When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.'" (*Ibid*.) If the first step applies (the conduct is covered), the second step is: "'The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.'" (*Ibid*.) The *Alexander* opinion held the two statutes prohibiting felons from possessing firearms and ammunition failed to get past the first step of the test; that is, the prohibited conduct is not covered by the Second Amendment.[2] (*Id*. at p. 478.)

---

[2] The parties and the relevant cases make no apparent distinction—at least so far as Second Amendment analysis—between the statutes prohibiting felons from possessing either firearms or ammunition. (See §§ 29800, subd. (a)(1), 30305, subd. (a)(1).)

The *Alexander* court reasoned "the Second Amendment protects the individual right of '"law-abiding, responsible citizens"' to possess firearms. [Citations.] Convicted felons, by definition, are not law-abiding. Felons thus are not among 'the people' who have an individual right to possess firearms under the Second Amendment. [Citation.] We consequently conclude that Alexander's challenges to the constitutionality of section 29800(a)(1) [firearm possession] and section 30305(a)(1) [ammunition possession] under the Second Amendment fail under the first step of [the Supreme Court's] analytical framework." (*Alexander*, *supra*, 91 Cal.App.5th at p. 479.)

We agree with the cogent reasoning and analysis in *Alexander*. In short, we hold that the felon in possession of ammunition prohibition (§ 30305, subd. (a)(1)), does not facially violate the Second Amendment. Thus, we affirm the judgment.

Ceja argues *Alexander*, *supra*, 91 Cal.App.5th 469, was wrongly decided and "there is no constitutional textual or historical justification for prohibiting possession of ammunition by an ex-felon." (Underlining omitted.) We disagree. *Alexander* is highly persuasive and is supported by numerous citations to the Supreme Court's analysis in *Heller*, *supra*, 554 U.S. 570, and *Bruen*, *supra*, 142 S.Ct. 2111.[3]

Moreover, Ceja's argument seemingly eschews the Supreme Court's two-step test. Again, Ceja's conduct that violated the challenged statute—being a convicted felon in possession of ammunition—is not protected by the Second Amendment under the first step, so we need not proceed to the second step. That is, the government has no obligation to offer historical justification for section 30305, subdivision (a)(1).

---

[3] Another published Court of Appeal opinion has also recently endorsed *Alexander's* reasoning and analysis and has similarly held that the statute prohibiting felons from possessing firearms is constitutional under the Second Amendment. (See *People v. Odell* (2023) 92 Cal.App.5th 307, 316–317.)

III

DISPOSITION

The judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.