Filed 8/24/20  P. v. Lane CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

<table>
<tr><td>

THE PEOPLE,

    Plaintiff and Respondent,

v.

DWANE LEE LANE,

    Defendant and Appellant.

</td><td>

H046646, H047774
(Santa Clara County
Super. Ct. No. C1802812)

</td></tr>
</table>

Appellant Dwane Lee Lane appeals the imposition of fines and fees by the trial court in his criminal case without holding a hearing on his ability to pay them.  For the reasons set forth below, we affirm the judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND

The facts of Lane's offense are irrelevant to the issues in this appeal.  On October 10, 2018, Lane was charged by complaint with criminal threats (Pen. Code, § 422).[1]  On November 13, 2018, he pleaded no contest to the charge.  On December 20, 2018, the trial court suspended imposition of sentence and placed Lane on formal probation for

---

[1] Unspecified statutory references are to the Penal Code.

three years, subject to a variety of terms and conditions, including that he serve 120 days in the county jail.[2]

Regarding the fines, fees, and assessments, the trial court imposed a $330 restitution fine (§ 1202.4, subd. (b)), a suspended $300 probation revocation restitution fine (§ 1202.44); a $30 criminal conviction assessment (Gov. Code, § 70373), a $40 court operations assessment (§ 1465.8), a $129.75 criminal justice administration fee (Gov. Code, §§ 29550, 29550.1, 29550.2), and a probation supervision fee of $25 per month (§ 1203.1b). Lane did not object to any of these fines or fees or request a hearing on his ability to pay them. Lane sought and received from the trial court a certificate of probable cause to appeal the judgment, which the trial court signed on January 22, 2019. He filed the notice of appeal in February 2019, and this court assigned it docket No. H046646.

Lane was alleged to have violated his probation by committing a new crime (a violation of section 594) on July 9, 2019; by not reporting to probation; and by failing to provide proof of education, vocational training or employment. Lane was arraigned on the violation of probation on July 18, 2019. The proceedings on Lane's alleged violations of probation continued for several months; he was released from custody on August 16, 2019.

In November 2019, Lane filed a request in the trial court (in the form of a letter written by Lane's appellate counsel in docket No. H046646) requesting, pursuant to section 1237.2 and *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), that the trial court conduct a hearing at which Lane could present evidence of his inability to pay the fines and fees imposed at the December 20, 2018 sentencing. The letter written by

---

[2] Immediately prior to his sentencing, Lane sought to withdraw his plea on the basis that he regretted having pleaded no contest to a "strike" offense. The trial court denied Lane's motion to withdraw his plea. Lane does not appeal the trial court's order.

appellate counsel did not provide any details about the evidence Lane intended to present at such a hearing.

On January 10, 2020, the trial court conducted a hearing on Lane's request. Lane himself, who apparently was in bench warrant status in another case, was not present.[3] In response to the request with respect to the fines and fees imposed at sentencing, the trial court stated "The request for Duenas [*sic*] is denied, as I don't think—it's criticized, and I don't think it's good law." The trial court also found "there was evidence of continued employment or long-term employment in the Pretrial Services report for the defendant's arrest, so I believe the record does contain an adequate finding of ability to pay by [the judge who presided over Lane's sentencing],[4] when the fines and fees were set at the minimum level."

Lane timely appealed the trial court's January 10, 2020 postjudgment order. This court assigned docket No. H047774 to this notice of appeal and ordered both docket Nos. H046646 and H047774 to be considered together for briefing, argument, and disposition.

## II. DISCUSSION

On appeal, Lane argues that the trial court's imposition of the restitution fine, the criminal conviction assessment, and the court security and criminal justice administration fees without a hearing to determine his ability to pay violated his due process rights.[5] Alternatively, he contends that the imposition of these fines and fees without a "meaningful inquiry" into his ability to pay violated the excessive fines clause of the state and federal constitutions.

---

[3] Lane's counsel noted that Lane had not been notified of the court date. The trial court replied, "true, but we understand that he's on bench warrant status for another case that he's picked up, so it's likely that he just might not have been able to come to court, even if he's notified."

[4] The judge who had originally sentenced Lane was on leave, and the matter had been reassigned for decision on Lane's *Dueñas* request.

[5] Lane does not challenge on appeal the imposition of the suspended $300 probation revocation restitution fine or the probation supervision fee.

Lane's due process argument relies on *Dueñas* and cases following its reasoning, including *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844 (*Kopp*). "In January 2019, *Dueñas* held that 'due process of law requires [a] trial court to . . . ascertain a defendant's present ability to pay before it *imposes*' (1) 'court facilities and court operations assessments' (under Pen. Code § 1465.8 and Gov. Code, § 70373, respectively), or (2) a restitution fine (under Pen. Code, § 1202.4)." (*People v. Hicks* (2019) 40 Cal.App.5th 320, 325, review granted Nov. 26, 2019, S258946.) Panels of this court and other Courts of Appeal have reached differing conclusions on whether *Dueñas* was correctly decided. (See, e.g., *Hicks*, at pp. 325–329; *People v. Santos* (2019) 38 Cal.App.5th 923, 933–934 (*Santos*); *People v. Adams* (2020) 44 Cal.App.5th 828, 831–832, review den. Apr. 15, 2020, S261092 (*Adams*); *People v. Petri* (2020) 45 Cal.App.5th 82, 92.) Moreover, the issue is pending before the California Supreme Court. (*Kopp*, *supra*, 38 Cal.App.5th 47.)[6]

For the reasons stated in *Adams*, *supra*, 44 Cal.App.5th at pp. 831–832, we conclude *Dueñas* was wrongly decided. We also decide Lane's case is distinguishable on its facts from the extreme hardships suffered by the defendant in *Dueñas*. (See *Dueñas*, *supra*, 30 Cal.App.5th, at pp. 1160–1161.) We therefore reject Lane's argument that his due process rights were violated by the trial court's imposition of the minimum fines and fees required by statute without holding a hearing on his ability to pay them.

In the alternative, Lane argues that imposition of the fines and fees without a "meaningful inquiry into [his] ability to pay" violated the excessive fines clauses of the federal and state constitutions. The Attorney General agrees that the excessive fines clause provides "the proper analytic framework" for the imposition of fines and fees on

---

[6] In particular, the issues pending before the California Supreme Court in *Kopp* are: "(1) Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? (2) If so, which party bears the burden of proof regarding the defendant's inability to pay?"

4

criminal defendants. In *People v. Cowan* (2020) 47 Cal.App.5th 32, review granted, June 17, 2020, S261952, the First District Court of Appeal held that the excessive fines clauses of the federal and state constitutions dictate that "a sentencing court may not impose court operations or facilities assessments or restitution fines without giving the defendant, on request, an opportunity to present evidence and argument why such monetary exactions exceed his ability to pay." (*Id*. at p. 48.)

While we have doubts whether either of these clauses supports the sweeping proposition articulated by the court in *Cowan*, we need not reach that question in this case. Under the facts here, we conclude that any error by the trial court under the excessive fines clause in failing to hold an evidentiary hearing on Lane's request for an ability-to-pay hearing was harmless beyond a reasonable doubt. (See *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035.)

At sentencing, the trial court imposed the minimum amount of fines and fees under the relevant statutes—totaling $529.75. Lane was 55 years old when he was sentenced and was placed on three years of probation. The only evidence in the record about Lane's ability to earn money was that he had worked for the past three years as a parking attendant.[7] Lane's counsel who requested from the trial court the postsentencing *Dueñas* hearing did not include any additional facts supporting Lane's inability to pay that he intended to establish at such a hearing. Lane himself did not appear for the hearing.

Lane has presented no evidence of any kind—even by proffer—that was not before the trial court at his sentencing hearing that showed he was unable to pay the fines

---

[7] Although on appeal Lane argues that this information was "unverified," this information was apparently provided by Lane himself. In any event, nothing in the record on appeal indicates Lane proffered any evidence to the trial court that the information was incorrect. While on appeal Lane contends that this employment was only "seasonal," there is no basis in the record for this assertion.

and fees imposed.  For these reasons, Lane has not persuaded us that any reversible error occurred in the trial court's decision not to hold a hearing on his ability to pay them.

## III.  DISPOSITION

The judgment is affirmed.

_____
Danner, J.

I CONCUR:

_____
Grover, J.

**H046646, H047774**
*People v. Lane*

Greenwood, P.J., Concurring and Dissenting:

I write separately because I continue to be persuaded by the reasoning in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), and agree that the trial court violates a defendant's federal constitutional right to due process by imposing fines and fees without first assessing that individual's ability to pay them. (See *People v. Santos* (2019) 38 Cal.App.5th 923 (*Santos*).) As a result, I dissent from the majority's analysis of *Dueñas*.

However, where the court conducts a hearing regarding a defendant's ability to pay fines and fees, the burden is on the defendant to demonstrate the inability to pay them. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490; *Santos*, *supra*, 38 Cal.App.5th at p. 934.) Here, appellant did not appear at the hearing his attorney had requested under *Dueñas* to modify the previously imposed fines and fees, apparently because he was on bench warrant status. While the trial court made clear its disagreement with the *Dueñas* opinion, information in the Pretrial Services Report evidenced appellant's self-reported three years of previous continuous employment. Appellant's counsel proffered no evidence demonstrating that appellant could not pay the minimum fines and fees. Under these circumstances, I concur with the majority that there is no error compelling reversal here, and the judgment should be affirmed.

1

_____
`            Greenwood, P.J.

People v. Lane
H046646, H047774