Filed 2/16/21  P. v. Cooper CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL LLOYD COOPER,<br><br>    Defendant and Appellant. | B301874<br><br>(Los Angeles County<br>Super. Ct. No. SA098286) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Yvette Verastegui, Judge.  Judgment of conviction affirmed; remanded with directions.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General and David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.

Daniel Lloyd Cooper, representing himself, pleaded no contest to shooting at an occupied motor vehicle and received a seven-year state prison term. At sentencing the court imposed a $30 court facilities assessment, a $40 court operations assessment and a $300 restitution fine.

Following appointment of counsel on appeal, Cooper, through counsel, moved in the trial court pursuant to Penal Code section 1237.2 to vacate the assessments and to stay the restitution fine based on this court's decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). In the alternative, Cooper requested the trial court conduct an ability-to-pay hearing. The court denied the motion. We reverse the trial court's ruling and remand for the court to conduct a hearing to determine Cooper's ability to pay the assessments and fine imposed.

## FACTUAL AND PROCEDURAL BACKGROUND

Cooper was charged in an amended complaint in October 2018 with assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)) and two additional felony and misdemeanor offenses with special allegations he had a prior strike conviction (Pen. Code, §§ 667, subds (b)-(i), 1170.12) and a prior serious felony conviction (Pen. Code, § 667, subd. (a)). Pursuant to a negotiated agreement Cooper pleaded no contest to an amended charge of assault with a firearm (Pen. Code, § 245, subd. (a)(2)) and was sentenced to state prison for five years. At sentencing the court imposed a $30 court facilities assessment (Gov. Code, § 70373), a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)) and a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)).[1]

---

[1] The court also imposed and suspended a $300 parole restitution fine. (Pen. Code, § 1202.45.)

2

Cooper was returned to superior court for resentencing in April 2019 after the California Department of Corrections and Rehabilitation notified the court that Cooper's sentence was illegal.[2]

On August 15, 2019, after the court granted Cooper's request to represent himself and following further plea negotiations, the complaint was again amended to add a violation of Penal Code section 246, firing at an occupied vehicle, to which Cooper pleaded no contest. Cooper was sentenced to the upper term of seven years in state prison. The court once again imposed a $30 court facilities assessment, a $40 court operations assessment and a $300 restitution fine, and imposed and suspended a $300 parole restitution fine.

Cooper filed a timely notice of appeal, and this court appointed counsel to represent him. On March 12, 2020, through his appointed counsel, Cooper moved in superior court pursuant to Penal Code section 1237.2[3] to vacate the court facilities and court operations assessments due to his present inability to pay and to stay the restitution fine until the People proved his ability to pay. Alternatively, if the court determined there was

---

[2]  The upper term for assault with a firearm is four years.

[3]  Penal Code section 1237.2 provides in part, "The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees or costs are the sole issue on appeal." In Cooper's motion papers his appointed appellate counsel advised the trial court he would not be raising any other issue on appeal.

3

insufficient information in the record to decide the issue, Cooper requested an ability-to-pay hearing. Cooper's motion relied on *Dueñas*, *supra*, 30 Cal.App.5th 1157, but acknowledged other courts of appeal had disagreed with *Dueñas*'s due process analysis and expressly stated, "This court is free to 'make a choice between conflicting decisions,'" citing *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456.

On April 10, 2020, without Cooper or his counsel present, the superior court denied the motion, citing *People v. Hicks* (2019) 40 Cal.App.5th 320.[4]

## DISCUSSION

In *Dueñas* this court concluded "the assessment provisions of Government Code section 70373 and Penal Code section 1465.8, if imposed without a determination that the defendant is able to pay, are . . . fundamentally unfair; imposing these assessments upon indigent defendants without a determination that they have the present ability to pay violates

---

[4] The Supreme Court granted review in *People v. Hicks* several months before the trial court's ruling (see *People v. Hicks*, S258946, review granted Nov. 26, 2019), depriving that decision of any binding or precedential effect. (Cal. Rules of Court, rule 8.1115(e)(1).) Nonetheless, at the time of its order denying Cooper's motion there were several other court of appeal decisions, properly citable as precedent, that had disagreed with *Dueñas*. (See, e.g., *People v. Kingston* (2019) 41 Cal.App.5th 272, 279-282.) The Supreme Court will likely resolve the conflict in *People v. Kopp* (2019) 38 Cal.App.5th 47, 65, review granted November 13, 2019, S257844, in which the parties have been asked to address the following two issues: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?"

4

due process under both the United States Constitution and the California Constitution." (*Dueñas, supra*, 30 Cal.App.5th at p. 1168; accord, *People v. Belloso* (2019) 42 Cal.App.5th 647, 654-655 (*Belloso*), review granted Mar. 11, 2020, S259755.) A restitution fine under section 1202.4, subdivision (b), however, "is intended to be, and is recognized as, additional punishment for a crime." (*Dueñas*, at p. 1169; accord, *Belloso*, at p. 655.) Section 1202.4, subdivision (c), expressly provides a defendant's inability to pay a restitution fine may not be considered as a "compelling and extraordinary reason" not to impose the statutory minimum fine. As held in *Dueñas*, to avoid a serious constitutional question if a restitution fine were to be imposed on an indigent defendant, "the court must stay the execution of the fine until and unless the People demonstrate that the defendant has the ability to pay the fine." (*Dueñas*, at p. 1172; accord, *Belloso*, at p. 655.)

The Attorney General contends, using an Eighth Amendment, rather than due process clause analysis, the $300 restitution fine was not grossly disproportional to the gravity of Cooper's offense and, therefore, was not unconstitutionally excessive. He also asserts, as a punitive fine, it did not violate due process. And while conceding a due process violation in imposition of the nonpunitive court facilities and court operations assessments without any inquiry into Cooper's ability to pay, he argues the error was harmless beyond a reasonable doubt because Cooper will be able to earn the relatively small amounts involved while in prison.[5]

---

[5] The Attorney General does not contend Cooper forfeited the issue by not requesting an ability-to-pay hearing at the August 15, 2019 sentencing hearing.

In *Belloso* we rejected the contention a constitutional challenge to imposition of fines and fees on an indigent defendant should be reviewed under an excessive fines analysis instead of using a due process framework and reconfirmed the holding in *Dueñas* that imposition of restitution fines upon an indigent defendant raises serious due process concerns. (*Belloso, supra*, 42 Cal.App.5th at pp. 655, 660.) The Attorney General advances no persuasive reason for us to reconsider our analysis.

As for the Attorney General's harmless error argument, it may well be, as he asserts, that Cooper is able-bodied and capable of performing work in prison and will be able to earn the relatively small amounts assessed through a combination of prison wages and post-prison income. (See *People v. Santos* (2019) 38 Cal.App.5th 923, 934 ["in weighing the defendant's ability to pay the fee at issue, the trial court may consider, if applicable, the defendant's ability to earn wages such as while serving his or her prison sentence"]; *People v. Castellano* (2019) 33 Cal.App.5th 485, 490 [in evaluating a defendant's ability to pay, the court may consider "potential prison pay during the period of incarceration to be served by the defendant"].) But the trial court refused to hold an ability-to-pay hearing, as Cooper had requested, or to permit him to present evidence in some other manner as to his current indigency or future earnings potential. On the limited record before us, we are unable to conclude beyond a reasonable doubt that Cooper has the ability, now or in the future, to pay the assessments or restitution fine imposed.

## DISPOSITION

The judgment of conviction is affirmed. We remand for the trial court to hold a hearing to allow Cooper to present evidence demonstrating his inability to pay the court facilities and court

operations assessments and the restitution fine.  If Cooper demonstrates his inability to pay the assessments, the trial court must strike them.  If the trial court determines Cooper does not have the ability to pay the restitution fine, it must stay execution of the fine.


                              PERLUSS, P. J.


    We concur:



              SEGAL, J.



              FEUER, J.