Filed 3/29/21  P. v. Mohamed CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DERHAM EDWARD MOHAMED,<br><br>    Defendant and Appellant. | F079045<br><br>(Super. Ct. No. BF168944A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Matthew A. Kearney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Derham Edward Mohamed was acquitted of murder and related shooting offenses and enhancements but found guilty of illegally possessing a firearm.  At sentencing, the court imposed the maximum term of imprisonment and ordered various fines and fees.

On appeal, Mohamed challenges the length of his sentence and the fines and fees. We will strike a portion of the sentence as no longer legally valid and remand the matter for the trial court to reconsider imposing certain fines and fees.

## BACKGROUND

**Charges**

The Kern County District Attorney charged Mohamed with committing five crimes: (1) Murder (Pen. Code,[1] § 187); (2) Shooting at an occupied vehicle (§ 246); (3) Assault with a semiautomatic firearm (§ 245, subd. (b)); (4) Illegal firearm possession (§ 29800, subd. (a)); and (5) Methamphetamine possession (Health and Saf. Code, § 11377). The charges included allegations he had served seven separate prison terms within the meaning of section 667.5, subdivision (b).[2]

**Evidence[3]**

A man driving a vehicle was involved in an altercation with Mohamed. What exactly transpired was highly contested. This much seems clear: In the moments leading up to the fatal encounter, the man, while driving a car, approached Mohamed, who was walking across the street. The man either stated, or acted "like," "You need to get out of the street. You are going to get fuckin' hit by a car."

The man then drove up the street only to make a u-turn and come back. Meanwhile, Mohamed "grabbed something … from inside" his own car parked nearby.

---

[1] All undesignated statutory references are to the Penal Code.

[2] The various charges included the following enhancements: Gang-related special circumstance murder (§ 190.2, subd. (a)(22)); gang-related felony (§ 186.22, subd. (b)); discharging a firearm and causing great bodily injury (§ 12022.53, subd. (d)); and seven prior prison terms (§ 667.5, subd. (b)).

[3] The vast majority of evidence is not relevant to the appellate issues. Our evidentiary summary is accordingly truncated.

Less than 30 seconds[4] later, Mohamed and the man driving the vehicle converged once again.  This time, Mohamed fired a single gunshot through the windshield that killed the man.

**Verdict**

Mohamed was acquitted of counts 1, 2, and 3, but convicted of count 4, illegally possessing a firearm.[5]  He was sentenced to serve six years in prison, calculated as the upper term of three years for the conviction, plus three years for three prior prison term enhancements.[6]

## DISCUSSION

There are three issues on appeal.  One, did the court deny Mohamed a fair sentencing hearing?  Specifically, did the court fail to find self-defense was a mitigating factor to illegal firearm possession, err by punishing him for the acquittals, or improperly consider his refusal to submit to a posttrial interview with a probation officer in pronouncing judgment?  Alternatively, did the hearing *appear* unfair?

Two, are the three prior prison term enhancements now legally invalid?  In other words, should we strike those enhancements?

Third, did the court err in imposing certain fines and fees without first finding an ability to pay?  Should this court strike those fines and fees?

In response to these claims, the People argue Mohamed forfeited the fair sentencing claim by not objecting in the trial court.  Alternatively, his attorney was not

---

[4] The timeframe is based on video surveillance of the incident.  We assume the video playback speed is regular.

[5] Count 5 was severed prior to trial and dismissed after the verdict in this case.

[6] Although seven prior prison term enhancements were alleged, two were dismissed at a bifurcated court trial after the jury trial.  The court found true the five remaining enhancements.  Of those five enhancements, two were apparently rendered invalid by virtue of reduction to misdemeanors in separate proceedings preceding the sentencing hearing—leaving the three actually used to enhance the sentence.

ineffective for failing to object. The People concede the prior prison terms should be stricken, and argue the case should be remanded for an ability to pay hearing on the fines and fees issue. We agree with the People on all accounts.

## I. The Sentencing Hearing Was Fair

At the sentencing hearing, the court imposed the maximum sentence. Mohamed now complains the trial court punished him for prevailing against the murder and shooting charges and for refusing to participate in the posttrial probation interview. We find these claims both forfeited and meritless.

### A. Additional Background

Prior to the sentencing hearing, the probation department filed a sentencing report with the court. The report cited the following factors in aggravation: numerous prior criminal convictions, the fact Mohamed was on two grants of Post Release Community Supervision at the time of the offense, and unsatisfactory prior performance on probation, parole, and other supervision. No factors in mitigation were listed.

Mohamed also filed a sentencing memorandum. He argued his possession of a firearm was partially excusable because his "crime of possession ended up saving his life …."

The prosecutor filed a memorandum in opposition. The opposition pointed out Mohamed possessed the firearm prior to the fatal incident which had "no bearing" on why he possessed the firearm. The prosecutor added Mohamed's refusal to interview with probation indicated a "fail[ure] to assume any responsibility" and that he "feels he should not be held accountable for his criminal conduct."

At the sentencing hearing, the court acknowledged it had "read and considered" the probation report, Mohamed's memorandum, and the People's opposition. With reference to Mohamed's argument possessing the firearm was partially excusable, the Court stated,

4.

"[O]n the murder charges Mr. Mohamed did receive the
benefit of the defense of self-defense. He was found not
guilty of those murder and assault charges. And he was only
convicted of the ex-felon in possession of a gun charge.

"I do agree with [the prosecutor's] analysis that his criminal
conduct in illegally possessing the firearm and the
ammunition had nothing to do with the incident involving the
shooting. He was in possession of that prior to there being
any confrontation.

"And so to extend that the defendant has received a benefit
from the concept of self-defense, he's received that benefit
and that the crime he was convicted of is totally unrelated.

"So I do not find any circumstances in mitigation."

The court subsequently found factors in aggravation in accord with the probation report.

The court concluded Mohamed was "statutorily ineligible for a grant of felony probation … in that [he] has been convicted of two prior" felonies. It added Mohamed had "an extremely lengthy criminal history and was on two grants of post-release community supervision when the instant offense occurred." The court noted he "refused to participate in the probation interview, and he's not amenable for probation." After recognizing the "discretion to impose either the lower term, middle term, or upper term," the court found the upper term appropriate based on the factors in aggravation.

**B. Analysis**

"In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have *required* parties to raise certain issues at the time of sentencing. In such cases, lack of a timely and meaningful objection forfeits or waives the claim. (*People v. Scott* (1994) 9 Cal.4th 331, 351 (*Scott*).) "[T]he waiver doctrine [applies] to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices. Included in this category are cases in which the stated reasons allegedly do not apply to the particular case …." (*Id*. at p. 353.)

"Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Scott, supra,* 9 Cal.4th at p. 353.) "As a practical matter, [counsel] often know before the hearing what sentence is likely to be imposed and the reasons therefor. Such information is contained in the probation report, which is required in every felony case and generally provided to the court and parties before sentencing." (*Id*. at pp. 350-351.)

"In the event ambiguities, errors, or omissions appear in the court's reasoning, the parties can seek an immediate clarification or change." (*Scott, supra,* 9 Cal.4th at p. 351.) " 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.' " (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) Any error in the court's pronouncement of judgment is harmless if it is " 'not reasonably probable that a more favorable sentence would have been imposed in the absence of the error.' " (*Scott, supra,* at p. 355.)

Mohamed's complaints on appeal are clearly forfeited. There was no objection to either the court's conclusion the partial excuse was not a mitigating factor[7] or the recognition he did not participate in the posttrial interview. The contentions also lack merit.

The firearm possession here appears entirely unrelated to the shooting. Certainly, the court's conclusion it "had nothing to do with the incident" was neither arbitrary nor irrational. Indeed, there was no evidence Mohamed happened upon a firearm just in time to defend himself. This conclusion reflects the court's sound and considered judgment

---

[7] Illegal firearm possession is not proscribed if the possession "was solely for the purpose of self-defense, and was not preplanned …." (*People v. King* (1978) 22 Cal.3d 12, 26.)

and no reasonable interpretation suggests the court held the acquittals against Mohamed. The court simply recognized the events were unrelated.

The court's acknowledgement Mohamed refused the interview with probation is not prejudicial for two reasons. One, the court simply recognized he did not participate in the interview. The court did not state it was a factor in aggravation. Two, even if the court incorrectly used Mohamed's refusal to find him unamenable to probation,[8] the error is harmless. Mohamed was statutorily presumed ineligible for probation. (§ 1203, subd. (e)(4) [any person convicted of two prior felonies is ineligible for probation "[e]xcept in unusual cases" to promote "the interests of justice"].)

In addition to the statutory ineligibility, other factors weighed heavily against granting probation. These factors included Mohamed's lengthy criminal history, prior performance on probation, parole, or supervision, and his status under supervision at the time he illegally possessed this firearm. For these reasons, it is not reasonably likely the court would have granted probation or a lesser term of imprisonment had it not considered Mohamed's refusal to interview with probation. (See Cal. Rules of Court, rule 4.414 [criteria affecting probation].)

Because the two arguments lack merit, Mohamed's counsel was not ineffective for failing to object at the sentencing hearing. (*People v. Amezcua and Flores* (2019) 6 Cal.5th 886, 920.) In sum, the issues Mohamed has raised are not concerning and the

---

[8] While it is true people retain the right to silence at sentencing, the refusal to participate entirely in a posttrial interview is different. Not all questions during the interview would implicate the right to not incriminate oneself. For example, Mohamed refused to answer routine questions about his employment history, family history, and personal history. Refusing to answer these questions might well indicate a person is unamenable to probation because he or she is unwilling to cooperate with rehabilitation and supervision.

7.

sentencing hearing was neither fundamentally unfair[9] nor did it appear unfair. His claim to the contrary fails.

## II. The Prior Prison Term Enhancements Are No Longer Valid

The sentence in this case included three one-year enhancements for serving three prior prison terms. (§ 667.5, subd. (b).) Senate Bill No. 136 (2019-2020 Reg. Sess., § 1), amended "section 667.5, subdivision (b), to eliminate the … prior prison term enhancement for most prior convictions. [Citation.] An exception, not applicable here, is made for a qualifying prior conviction on a sexually violent offense …. [¶] Because [the amendment] became effective before [Mohamed's] judgment became final, … the amended law applies to him retroactively." (*People v. Reneaux* (2020) 50 Cal.App.5th 852, 876.) The People correctly concede, and the enhancements are ordered stricken.

## III. The Court Erred In Staying Certain Fees

The trial court imposed and stayed fees pursuant to section 1465.8 and Government Code section 70373. Both Mohamed and the People agree the court erred in imposing and staying these fees. They disagree on the remedy.

The People urge "[t]he matter should … be remanded for the trial court to conduct an ability-to-pay hearing" where Mohamed bears the "burden to demonstrate an inability to pay the fees." Mohamed contends "the record shows [he] does not have the ability to pay. Thus, the fees should be stricken. Remand for a hearing is not necessary."

We agree the court erred in imposing and staying the fees. We also agree with the People remand is necessary for an ability to pay hearing because defendants bear the

---

[9] Mohamed concedes "the trial court did not directly state that the acquittal was being used against" him but suggests "such can reasonably be inferred." We disagree such an inference is reasonable.

burden to prove an inability to pay.[10]  (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.)

The court must hold an ability to pay hearing prior to imposing the section 1465.8 and Government Code section 70373 fees.  (*People v. Kopp* (2019) 38 Cal.App.5th 47, 95-96, review granted Nov. 13, 2019, S257844 ["due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes" a nonpunitive fine].)  At the hearing, Mohamed will bear the burden of demonstrating an inability to pay.  (*Id*. at pp. 96-97.)

## **DISPOSITION**

The section 667.5, subdivision (b), enhancements are stricken.  The section 1465.8 and Government Code section 70373 fees are vacated.  We remand the cause and direct the trial court to conduct a sentencing hearing limited to ability to pay.

After concluding the limited sentencing hearing, the court shall issue an amended abstract of judgment and forward it to the appropriate authority.  In all other respects, the judgment is affirmed.

---

[10] Part of Mohamed's contention the record already shows "[he] does not have the ability to pay" is based on his trial counsel's statement during closing argument Mohamed "is homeless."  Arguing an inability to pay based on a statement during closing argument is dubious at best.  Critically, the court here did not find an inability to pay.  Rather, it stayed the fees on the basis the prosecution had not proven an ability to pay.  These are different findings.  We decline to assume the court would have found an inability to pay.  (*People v. Santos* (2019) 38 Cal.App.5th 923, 933-934.)

9.

SNAUFFER, J.

WE CONCUR:

DETJEN, Acting P.J.

DE SANTOS, J.