Filed 6/25/21  P. v. Garcia CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DANIEL ERNEST GARCIA, Defendant and Appellant. | B297549 (Los Angeles County Super. Ct. No. VA149179) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael A. Cowell, Judge.  Judgment of conviction affirmed; remanded with directions.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, David Glassman and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

A jury convicted Daniel Ernest Garcia of carrying a dirk or dagger. The trial court sentenced Garcia to three years in state prison, and imposed a $30 court facilities assessment, a $40 court operations assessment, and a $300 restitution fine. Pursuant to this court's opinion in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), and following appointment of appellate counsel, Garcia moved in the trial court to "waive" the assessments and restitution fine. The trial court did not hold a hearing on Garcia's ability to pay the assessments and fine, and denied Garcia's motion to waive them. We reverse the trial court's ruling and remand for the court to hold a hearing on Garcia's ability to pay the assessments and fine.

## FACTUAL AND PROCEDURAL BACKGROUND

A.      *The Information*

The information charged Garcia with one count of carrying a dirk or dagger (Pen. Code,[1] § 21310). The information alleged Garcia had been previously convicted of two serious or violent felonies within the meaning of the three strikes law (§§ 667, subds. (b)-(j), 1170.12) and had served four prior prison terms within the meaning of section 667.5, subdivision (b). Garcia pleaded not guilty to the charge and denied the special allegations.[2]

---

[1]      All further undesignated statutory references are to the Penal Code.

[2]      The trial court bifurcated the trial on the prior conviction and prior prison term allegations from the trial on the underlying charge. Garcia waived his right to a jury trial on the allegations, and the court found them true.

2

B.    *The Evidence at Trial*

On November 1, 2018 at approximately 6:31 a.m. Whittier Police Officer Edgar Cabral responded to a call that a person with a machete was causing a disturbance at a gas station. When Officer Cabral arrived, other police officers had detained Garcia. As the officers handcuffed Garcia, an officer retrieved a 21-inch machete from the inside of Garcia's left pant leg.

Garcia testified he had been released from jail three days before his arrest and was waiting for daybreak to meet with his parole officer. Garcia was homeless. Garcia testified he had been assaulted twice in the three days since his release from jail, each time by a different group of three people. Garcia was carrying the machete for self-defense. Garcia initially placed the machete on a wall near the gas station's convenience store, but the store clerk directed Garcia to put it away, so Garcia put the machete in his pants.

C.    *The Jury Verdict, the Sentencing, and Garcia's Postjudgment Motion*

The jury found Garcia guilty of carrying a dirk or dagger. The trial court struck Garcia's prior convictions and prior prison term allegations. The court sentenced Garcia to the upper term of three years in state prison. The court imposed a $30 court facilities assessment (Gov. Code, § 70373), a $40 court operations assessment (Pen. Code, § 1465.8), and a $300 restitution fine (*id.* § 1202.4, subd. (b)).[3]

Garcia filed a timely appeal on April 5, 2019. This court appointed appellate counsel for Garcia on July 1, 2019.

---

[3]    The court also imposed and suspended a $300 parole revocation restitution fine. (§ 1202.45.)

On July 31, 2019, at a trial court hearing requested by Garcia's defense counsel, counsel informed the court that Garcia's appellate counsel had identified "only two issues that are viable on appeal." The first issue pertained to the court's miscalculation of Garcia's presentence custody credits, which the court corrected at the hearing.[4]

The second issue was defense counsel's failure to object at Garcia's sentencing hearing to the court's imposition of the court assessments and restitution fine without holding an ability-to-pay hearing. Defense counsel stated: "[T]here was an issue with respect to my failure to object to the imposition of fines and fees without an ability to pay hearing under *People v. Dueñas*. I guess the defendant was homeless if I remember correctly. So I believe the request is in essence to waive all fees and fines."

The court responded, "I can see that you didn't make that request, but is there any reason why he couldn't get a job while in state prison? That's the standard. Everybody goes in there and— very few of them are paying that out of wealthy relatives. It's based upon what they earn while in prison." Defense counsel continued:

> "I understand, Your Honor, but I think the issue that [Garcia's appellate counsel] has is that I was supposed to make the objection that before the court can assess any fees and fines [Garcia] has to have an ability to pay hearing and, in essence, one should have been had. And at that specific moment in time [Garcia] had no ability to pay. So under those

---

[4]     The court subsequently corrected the calculation of Garcia's presentence custody credits again.

4

circumstances, I would ask the court to waive fees and fines."

The trial court denied the request, stating, "The record will reflect that you have made the request to reduce the fines. The court is denying that request. It was a statutory minimum imposed. Thank you."

Garcia filed a timely appeal from the trial court's denial of his postjudgment motion.[5]

## DISCUSSION

In *Dueñas* this court found "the assessment provisions of Government Code section 70373 and Penal Code section 1465.8, if imposed without a determination that the defendant is able to pay, are . . . fundamentally unfair; imposing these assessments upon indigent defendants without a determination that they have the present ability to pay violates due process under both the United States Constitution and the California Constitution."[6] (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1168; accord, *People v. Belloso* (2019) 42 Cal.App.5th 647, 654-655 (*Belloso*), review granted Mar. 11, 2020, S259755.) A restitution fine under Penal Code section 1202.4, subdivision (b), however, "is intended to be, and is

---

[5]     This court consolidated Garcia's appeals. Garcia's appellate counsel subsequently filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 raising no appellate issues. We relieved Garcia's appellate counsel and appointed new appellate counsel for Garcia on March 9, 2020.

[6]     In *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, the Supreme Court has directed the parties to brief the following issues: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If so, which party bears the burden of proof regarding defendant's inability to pay?"

recognized as, additional punishment for a crime." (*Dueñas*, at p. 1169; accord, *Belloso*, at p. 655.) Section 1202.4, subdivision (c), provides a defendant's inability to pay a restitution fine may not be considered a "compelling and extraordinary reason" not to impose the statutory minimum fine. As this court held in *Dueñas*, to avoid a serious constitutional question if a restitution fine were to be imposed on an indigent defendant, "the court must stay the execution of the fine until and unless the People demonstrate that the defendant has the ability to pay the fine." (*Dueñas*, at p. 1172; accord, *Belloso*, at p. 655.)

The Attorney General argues Garcia's $300 restitution fine should be analyzed under the excessive fines clause of the Eighth Amendment. He maintains the restitution fine is not grossly disproportionate to the gravity of Garcia's offense, and thus the fine is not unconstitutionally excessive. The Attorney General also asserts the restitution fine does not violate due process because it does not implicate a fundamental liberty interest and is rationally related to the State's interest in punishing criminal defendants and deterring unlawful conduct. He concedes that imposition of the court assessments without an ability-to-pay hearing violates due process, but contends any error here was harmless because no evidence demonstrates Garcia cannot pay the assessments.[7]

In *Belloso* this court rejected the argument "a constitutional challenge to imposition of fines and fees on an indigent defendant should be analyzed under an excessive fines analysis instead of a

---

[7]     The Attorney General does not contend Garcia forfeited the argument that we should remand the case for an ability-to-pay hearing, either by not requesting an ability-to-pay hearing at sentencing or by defense counsel's arguments at the July 31, 2019 hearing.

due process framework," and "affirm[ed] this court's due process analysis in *Dueñas*." (*Belloso*, *supra*, 42 Cal.App.5th at pp. 656, 660.) The Attorney General does not address *Belloso*.

Further, we cannot conclude that any error in imposing the court assessments against Garcia without an ability-to-pay hearing was harmless beyond a reasonable doubt. Garcia argues he is indigent and was unemployed when he was arrested. The Attorney General argues Garcia's age at sentencing (47 years old) "suggest[s] that he was able-bodied and capable of performing work," and we therefore can "presume" Garcia could pay the assessments through "his prison wages and future earnings." Prison wages are an appropriate factor for the trial court to consider in determining a defendant's ability to pay assessments and fines. (*People v. Santos* (2019) 38 Cal.App.5th 923, 934 ["in weighing the defendant's ability to pay the fee at issue, the trial court may consider, if applicable, the defendant's ability to earn wages such as while serving his or her prison sentence"]; *People v. Castellano* (2019) 33 Cal.App.5th 485, 490 [in evaluating a defendant's ability to pay, the court may consider "potential prison pay during the period of incarceration to be served by the defendant"].)

Here, however, the trial court did not hold a hearing on Garcia's ability to pay the assessments and fine. Defense counsel observed that an ability-to-pay hearing should have occurred before the court imposed the assessments and fine, but did not occur. Defense counsel then asked the court to waive the assessments and fine; the court declined. The court's brief exchange with defense counsel was not a hearing at which the trial court "ascertain[ed] [the] defendant's present ability to pay" the assessments and fine. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) Because the trial court did not hold an ability-to-pay

hearing, Garcia did not have an opportunity to present evidence supporting his claims of indigence and unemployment. We cannot conclude on this undeveloped record that Garcia has the ability to pay the assessments and fine.

## DISPOSITION

The judgment of conviction is affirmed. We remand for the trial court to hold a hearing to allow Garcia to present evidence demonstrating his inability to pay the court facilities and court operations assessments and the restitution fine. If Garcia demonstrates his inability to pay the assessments, the trial court must strike them. If the trial court determines Garcia does not have the ability to pay the restitution fine, the trial court must stay execution of the fine.

McCORMICK, J.*

We concur:

PERLUSS, P. J.

SEGAL, J.

---

* Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.