Filed 8/25/22  P. v. Moreno CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID MORENO,<br><br>    Defendant and Appellant. | A164098<br><br>(Alameda County<br>Super. Ct. No. 19CR009196) |

David Moreno appeals from a judgment after he pleaded no contest to two counts of sodomy by force or fear with a child under the age of 14 (Pen. Code, § 286, subd. (c)(2)(B))[1] and was sentenced to 20 years in prison. Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Moreno's sole contention on appeal is that the trial court erred and abused its discretion when it imposed a $5,000 restitution fine after denying his request for a hearing on his ability to pay it.  Relying on cases criticizing *Dueñas*, the People say, in effect, an ability-to-pay hearing on the fine was not mandated. We hold under the circumstances here the trial court should not have imposed the fine without allowing Moreno, upon his request, to present evidence and argument on his ability to pay.  We therefore remand for the trial court to hold an ability-to-pay hearing and otherwise affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

# BACKGROUND

On September 23, 2020, Moreno was charged by information with two counts of sexual intercourse or sodomy with a child under the age of 10 (§ 288.7, subd. (a)) (counts 1 and 2); two counts of oral copulation or sexual penetration of a child under the age of 10 (§ 288.7, subd. (b)) (counts 3 and 4); oral copulation of a child under the age of 14 and more than 10 years younger than Moreno (§ former 288a, subd. (c)(1)) (count 5); sodomy with a child under the age of 14 and more than 10 years younger than Moreno (§ 286, subd. (c)(1)) (count 6); and sending harmful material to a minor with sexual intent (§ 288.2, subd. (a)(2)) (count 7). The information alleged as enhancements that counts 1 through 6 were one of several offenses involving the same victim on separate occasions (§ 667.6, subds. (c) & (d)).

On August 19, 2021, Moreno entered into a negotiated plea bargain under which he pleaded no contest to two counts of sodomy by force or fear with a child under the age of 14 (§ 286, subd. (c)(2)(B)), charges that were reasonably related to counts 1 and 2. The remaining counts and enhancements were dismissed.

On November 1, the trial court sentenced Moreno to 20 years in prison. It also ordered Moreno to pay a $5,000 restitution fine (§ 1202.4, subd. (b)); a $5,000 parole revocation restitution fine, stayed pending successful completion of parole (§ 1202.45); an $80 court operations assessment (§ 1465.8); a $60 criminal conviction assessment (§ Gov. Code, § 70373); and a $500 sexual offender fine (§ 290.3).

According to the presentencing probation report, Moreno was then 61 years old. Prior to his arrest in June 2019, he was self-employed as a house painter for ten years, earning around $60,000 annually. In the 30 years before that, Moreno worked various construction jobs. The probation report

2

attached letters from Moreno's daughter and former wife stating Moreno regularly sent money to family in Guatemala whenever he had extra money to give. Moreno, however, reported he had a $200 monthly car payment and owed $25,000 in medical bills. As to Moreno's health, Moreno had been infected with COVID-19 on three occasions, with the most recent incident occurring in the month before sentencing. Moreno continued to experience lingering COVID-19 symptoms, including headaches, fatigue, bone and nerve pain, and lack of focus.

At sentencing, defense counsel cited Moreno's indigence and requested that the court impose the statutory minimum restitution amount of $300 (§ 1202.4, subd. (b)(1)). If the court were inclined to impose a greater amount, counsel stated, "I would ask . . . the Court [to] give us an ability to pay hearing under *Dueñas*."

The court responded as follows: "The Court is not persuaded by the *Dueñas* case. [¶] . . . [¶] I don't know if you are entitled to it. Can you give me some authority? I understand your position on *Dueñas,* I'm not going to follow *Dueñas*, I don't think *Dueñas* provides for that. I don't have cases subject to *Dueñas* that provides for that. [¶] So, if you want to pursue that I think that you can, but I'm not inclined to give you a date today for that, I don't believe that that applies."

## DISCUSSION

Moreno argues "the trial court erred and abused its discretion by denying [his] request for a hearing on his ability to pay" before imposing the $5,000 restitution fine. Moreno therefore asks us to reverse the restitution order and remand the matter to allow the court to hold an ability-to-pay hearing.

### *Dueñas* and Subsequent Cases

Moreno's arguments are fundamentally premised on *Dueñas*, *supra*,

3

30 Cal.App.5th 1157, whose facts are now well known. Velia Dueñas was a homeless, indigent mother of two who suffered from cerebral palsy, and who subsisted primarily on public aid. She was on her fourth conviction for driving with a suspended license, against a background of being unable to pay previous court-ordered assessments that had led to more jail time and license suspensions. Dueñas was placed on probation and again ordered to pay various mandatory fees and assessments. She requested a hearing to determine her ability to pay the fees, and the court concluded it had no discretion to waive the assessments or the fees. (*Id.* at pp. 1162–1163.)

The Court of Appeal reversed, concluding that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373." The Court of Appeal also held that, although the trial court is required by Penal Code section 1202.4 to impose a restitution fine, "the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.)

*Dueñas* has spawned a plethora of cases, some of which have held that *Dueñas* was wrongly decided, in part or in whole. One of those cases is *People v. Kopp* (2019) 38 Cal.App.5th 47, 95–97 (*Kopp*), review granted November 13, 2019, S257844, which rejected *Dueñas*'s analysis with respect to restitution fines, but followed it as to court fees and assessments.

The Supreme Court granted review in *Kopp*, *supra*, 38 Cal.App.5th 47 to resolve the following issues: "Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? If

4

so, which party bears the burden of proof regarding defendant's inability to pay?"[2]

**Contentions on Appeal**

As noted, Moreno, invoking *Dueñas*, argues the trial court erred and abused its discretion in denying his request for an ability-to-pay hearing before it imposed the $5,000 restitution fine.

In the introduction of their respondent's brief, the People assert the following: "Relying on [*Dueñas*], [Moreno] argues that the trial court abused its discretion by ordering him to pay fines and assessments without first conducting a hearing to determine whether he had the ability to pay. Although [Moreno] was entitled to a hearing upon his request, any error in denying his request was harmless beyond a reasonable doubt in light of evidence that he was able to pay the ordered fines and assessments." This assertion is repeated several times in headings and earlier portions of the People's brief.

Despite what appears to be a concession to *Dueñas* error as to all of the fines and assessments imposed in this case, the People's substantive

---

[2] As quoted above, in response to Moreno's request for an ability-to-pay hearing, the trial court commented that it was "not persuaded by the *Dueñas* case" and it did not "know if [Moreno was] entitled to [a hearing]." We note it is fundamental that a court of appeal decision must be followed by all trial courts, regardless of which appellate district rendered the opinion and whether a trial court believes the court of appeal case was wrongly decided. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455–456; *Cuccia v. Superior Court* (2007) 153 Cal.App.4th 347, 353–354.) However, such a rule "has no application where there is more than one appellate court decision, and such appellate decisions are in conflict. In such a situation, the [trial court] can and must make a choice between the conflicting decisions." (*Auto Equity Sales, Inc. v. Superior Court*, *supra*, 57 Cal.2d at p. 456.) Consistent with this, the trial court appears to have sided with the courts rejecting *Dueñas*.

discussion of the issues later in their brief reveals they are not making such a broad concession after all—rendering their arguments somewhat confusing. It turns out the People actually dispute the merits of Moreno's assertion that he was entitled under *Dueñas* to an ability-to-pay hearing with respect to his restitution fine, and in fact concede a due process error only with respect to the court operations and criminal conviction assessments.

Specifically, the People argue first that the Eighth Amendment's excessive fines clause, not the due process analysis articulated in *Dueñas*, is the "proper analytic framework" within which we should evaluate the restitution fine. In so arguing, the People implicitly ask us to reject *Dueñas* at least with respect to the restitution fine. Second, the $5,000 restitution fine, the People maintain, was not unconstitutionally excessive. Third, the People argue that "[e]ven if analyzed under due process principles," the restitution fine was proper. Lastly, the People appear to concede a due process violation in the imposition of the court operations and criminal conviction assessments without inquiry into Moreno's ability to pay but argue the error was harmless beyond a reasonable doubt because the record indicates Moreno was able to pay the assessments.[3]

We address the People's contentions as they are presented in the substantive legal argument section of their brief, starting from Section C., 1, on page 15. We further note that although the People tackle the court operations and conviction assessments in addition to the restitution fine, Moreno's briefing addresses only the restitution fine. We thus confine our analysis to the restitution fine. (Cf. *People v. Santos* (2019) 38 Cal.App.5th 923, 929 [where defendant raised only court operations and criminal

_____

[3] The People state they "do[ ] not seek to uphold the imposition of these assessments on those who have no ability to pay."

6

assessments in briefs, issue was limited to whether trial court had to determine ability to pay those assessments under *Dueñas*].)

**A Remand on Ability to Pay Is Appropriate**

Citing *Kopp*, *supra*, 38 Cal.App.5th 47, the People argue the propriety of the restitution fine is to be evaluated not under *Dueñas*'s due process analysis, but by compliance with the Eighth Amendment's prohibition on excessive fines. In *Kopp*, the Court of Appeal explained: "We disagree that [the *Dueñas*] approach should apply to all punitive fines [such as restitution fines] in the first instance. Instead, because these fines are intended to punish defendants, we agree with the People that a defendant should challenge such fines under the excessive fines clause of the Eighth Amendment of the federal Constitution and article I, section 17 of the California Constitution. Put differently, there is no due process requirement that the court hold an ability to pay hearing before imposing a punitive fine and only impose the fine if it determines the defendant can afford to pay it." (*Kopp*, at pp. 96–97, fn. omitted.)

The *Kopp* court went on to discuss the Eighth Amendment's prohibition of excessive fines, concluding with the following four considerations, identified by the United States Supreme Court and adopted by the California Supreme Court, for analyzing whether a fine is unconstitutionally disproportionate: "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." (*Kopp*, *supra*, 38 Cal.App.5th at p. 97, citing *United States v. Bajakajian* (1998) 524 U.S. 321, 337–338 (*Bajakajian*); *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728 (*Lockyer*); see *People v. Cowan* (2020) 47 Cal.App.5th 32, 47–48, review granted June 17, 2020, S261952 [concluding that "ability to pay is an element of the excessive fines calculus under both the federal and

state Constitutions . . ."].)  Although the *Kopp* defendants did not raise an Eighth Amendment challenge to the restitution fines below, the court ordered that on remand, the defendants, if they wished, could challenge the fines upon a consideration of all four relevant factors.  (*Kopp*, at p. 98, fn. 25.)

In light of the above, it is apparent Moreno was entitled to the hearing he requested whether *Dueñas* or *Kopp* applies:  the former requires such a hearing (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1164, 1172); the latter holds that a defendant's ability to pay is a factor that must be considered along with the other three *Bajakajian* factors in determining whether a fine is proportionate to the circumstances or is excessive.  (See *Kopp*, *supra*, 38 Cal.App.5th at p. 97, citing *Bajakajian*, *supra*, 524 U.S. at pp. 337–338; *Lockyer*, *supra*, 37 Cal.4th at p. 728.)  Indeed, as noted by the California Supreme Court in its analysis of the constitutionality of a civil penalty, "It makes no difference whether we examine the issue as an excessive fine or a violation of due process" because the penalty was "subject both to the state and the federal constitutional bans on excessive fines as well as state and federal provisions barring violations of due process."  (*Lockyer*, at p. 728.)

Finally, we disagree with the People that the record establishes beyond a reasonable doubt that Moreno was able to pay the $5,000 restitution fine. Given that Moreno was denied an opportunity to present evidence on ability to pay, and the court failed to consider that issue altogether, the record is too poorly developed for us to resolve it here in the first instance.  For example, while the People note Moreno previously earned $60,000 in his last job, he stopped working when he was arrested in June 2019, over two years before he was sentenced.  Also, the People acknowledge that Moreno had a $200 monthly car payment and owed $25,000 in medical bills.  We therefore do not know whether Moreno has any remaining savings or assets.  We also do not

8

know Moreno's potential to earn wages while in prison. (See *People v. Castellano* (2019) 33 Cal.App.5th 485, 490–491 [court may consider a prisoner's potential prison pay in determining ability to pay]; see also *People v. Taylor* (2019) 43 Cal.App.5th 390, 402 [" '[E]very able-bodied' prisoner is required to work"], citing § 2700; Cal. Code Regs., tit. 15, § 3040, subd. (a).) While the People assert Moreno "was able-bodied and capable of performing some form of prison vocational work," Moreno was 61 years old when convicted and is now 62. The record also indicates Moreno had COVID-19 on three occasions, and he continued to experience lingering symptoms as of the sentencing hearing. Thus, while it may be that Moreno's health problems will not prevent him from working in prison, we are reluctant to rely on such supposition to resolve a factual issue Moreno had no opportunity to dispute.

In short, because the federal and California constitutions oblige a court to consider ability to pay in determining whether a fine is excessive or deprives a defendant of due process—a consideration the trial court here declined to address—the court must consider that factual issue in the first instance.[4] Accordingly, we remand the matter for the trial court to consider Moreno's evidence and argument on ability to pay.

## DISPOSITION

The order that Moreno pay a $5,000 restitution fine is vacated, and the matter is remanded for a hearing on ability to pay. In all other respects, the

---

[4] Further, we note the trial court imposed a restitution fine *greater* than the statutory minimum of $300. (§ 1202.4, subd. (b)(1).) We remind the court that the statute governing restitution fines provides that "[i]n setting the amount of the fine pursuant to subdivision (b) in excess of the minimum fine pursuant to paragraph (1) of subdivision (b), the court *shall* consider any relevant factors, including, but not limited to, the defendant's inability to pay . . . ." (§ 1202.4, subd. (d), italics added.)

judgment is affirmed.

_____

                                 Richman, Acting P. J.


We concur:


_____

Stewart, J.


_____

Mayfield, J. *


*People v. Moreno* (A164098)

        *Judge of the Mendocino Superior Court, Judge Cindee Mayfield, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.