Filed 5/23/25  P. v. Montoya CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PAUL MARTIN MONTOYA,<br><br>    Defendant and Appellant. | B335858<br><br>(Los Angeles County<br>Super. Ct. No.<br>KA027630) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kim Aarons and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

*  *  *  *  *  *

Paul Martin Montoya (defendant) appeals the sentence imposed at his November 2023 resentencing, arguing that the trial court erred in (1) not striking several of his enhancements pursuant to Penal Code section 1385, subdivision (c),[1] and (2) imposing a $10,000 restitution fine without first finding he had an ability to pay that fine. Defendant's first argument lacks merit; his second is forfeited. We accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

#### A. *The underlying crime(s)*[2]

In May 1995, defendant's girlfriend locked him out of the house they shared with the girlfriend's adult daughter, the daughter's two children, and the daughter's boyfriend. Defendant returned in the middle of the night, drunk, and removed a window to regain entry. Defendant came up behind his girlfriend's daughter in the kitchen, grabbed her and threw her to the floor, and swung at her face with an axe; the blow knocked out four of her teeth, sliced her tongue, cut her face (leaving permanent scars), and knocked her unconscious. When his girlfriend ran to the kitchen after hearing the ruckus, defendant struck her on the back of the head with a wooden closet pole, knocking her out.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] These facts are drawn from the preliminary hearing transcript, which was the only record available to the trial court at the time of resentencing.

2

**B.**    *Charges, convictions, sentencing and appeal*

The People charged defendant with (1) the attempted premeditated murder of his girlfriend (§§ 664, 187), (2) the attempted premeditated murder of his girlfriend's daughter (§§ 664, 187), and (3) mayhem (§ 205).  The People alleged that, in committing these crimes, defendant had personally used a dangerous and deadly weapon (namely, the axe) (§ 12022, subd. (b)), and personally inflicted great bodily injury (§ 12022.7, subd. (a)).  The People further alleged that defendant's 1989 conviction for robbery constituted a "strike" within the meaning of our "Three Strikes" law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(j)), and that his 1989 robbery conviction and his 1986 conviction for burglary constituted prior serious felonies (§ 667, subd. (a)) as well as convictions for which he served a prior prison term (§ 667.5, subd. (b)).

In November 1996, a jury found defendant guilty of the attempted murder of his girlfriend's daughter and mayhem, and found true all enhancements.  The jury acquitted defendant of the attempted murder of his girlfriend.  In a bifurcated trial, the trial court found true the allegations regarding defendant's prior convictions.

The trial court initially sentenced defendant in December 1996.  For the attempted premeditated murder, the trial court imposed two life terms in prison (one life term, doubled due to the prior strike) plus 13 additional years (comprised of three years for the personal use of a weapon, three years for inflicting great bodily injury, five years for the prior serious felony, and one year for each of the two prior prison terms).  For the mayhem count, the trial court concurrently imposed and stayed two life terms in prison plus 10 additional years (three years for personal use of a

3

weapon, five years for the prior serious felony, and one year for each of the two prior prison terms).

Defendant appealed. We affirmed his conviction, but concluded the sentence was erroneous. (*People v. Montoya* (May 4, 1998) B108297 [nonpub. opn.].) At the 1998 resentencing hearing on remand, the trial court on the attempted premeditated murder count imposed a life sentence with a minimum term of 14 years (the minimum of seven years, doubled due to the prior strike), plus 11 additional years (comprised of one year for the personal use of a weapon, three years for inflicting great bodily injury, five years for the prior serious felony, and one year for each of the two prior prison terms). On the mayhem count, the trial court imposed and stayed a concurrent sentence of 14 years to life (the minimum of seven years, doubled due to the prior strike). The court also imposed a $10,000 restitution fine, an $80 court operation assessment, and a $60 criminal conviction fee. Defendant did not appeal the imposition of the fine or assessments. (*Montoya*, B108297.)

## II.    Procedural Background

In May 2022, the California Department of Corrections and Rehabilitation referred defendant's case to the trial court for resentencing under section 1172.75, which entitles persons whose sentences include prior prison term enhancements for most crimes to have those enhancements stricken and to be resentenced. Following briefing, the trial court recalled defendant's 1998 sentence and, in November 2023, held a resentencing hearing. At that hearing, the court reimposed the same sentence as before (including the restitution fine and assessments), except that it struck the two, one-year prior prison term enhancements. Defendant had asked the trial court to

4

dismiss all of the sentencing enhancements under section 1385. The trial court declined to do so, citing the Board of Parole Hearings's recent finding that defendant continued to "pose an unreasonable risk" to public safety and ruling that "it is not in the interest of justice to strike any further enhancements in this case."

Defendant filed this timely appeal.

## DISCUSSION

Where, as here, a defendant's sentence includes a one-year enhancement for a prior prison term that is not for a sexually violent offense, section 1172.75 obligates a trial court to recall the sentence and to undertake a full resentencing that accounts for "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subds. (c) & (d)(2); *People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) In this appeal, defendant challenges two aspects of the resentencing he received pursuant to section 1172.75. We generally review criminal sentencing for an abuse of discretion (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837), but review subsidiary factual findings for substantial evidence (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143) and subsidiary legal questions de novo (*People v. Tirado* (2022) 12 Cal.5th 688, 694).

## I.    Failure to Strike All Enhancements

Defendant argues that the trial court erred in not striking all of the sentencing enhancements—that is, the personal use of a

weapon, great bodily injury, and prior serious felony enhancements—under section 1385, subdivision (c).[3]

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to guide trial courts in deciding whether and when to dismiss sentencing enhancements. (Stats. 2021, ch. 721, § 1.) As amended, section 1385 grants trial courts "the authority" and a simultaneous duty "to strike or dismiss a[ sentencing] enhancement" (or, if they prefer, the "additional punishment for that enhancement") if doing so is "in the furtherance of justice." (§ 1385, subds. (b) & (c)(1).) Although this provision makes clear that whether dismissal of an enhancement is "in the furtherance of justice" is a "discretion[ary]" call for the trial court to make (*id.*, subd. (c)(1), (2) & (3)), the provision also directs that the existence of any of nine enumerated "mitigating circumstances" "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Id.*, subd. (c)(2).)

In *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*), our Supreme Court rejected the notion that the presence of an enumerated mitigating circumstance erects a rebuttable presumption in favor of dismissing an enhancement that can be rebutted only by a showing that dismissal would endanger public safety. (*Walker*, at pp. 1028-1029.) Instead, *Walker* held that, even when a court determines that dismissing an enhancement will not endanger public safety, the court retains discretion *not* to

---

[3]    Because defendant makes no separate argument regarding dismissal of the strike allegation, defendant's challenge to the failure to dismiss "enhancements" under section 1385 does not reach the trial court's refusal to dismiss the "strike" allegations.

dismiss or strike that enhancement. In exercising that discretion, the court is to "assign[] significant value" to any mitigating circumstance(s), which "strongly favor[s]" and "will generally result in the dismissal of an enhancement"—except when the "court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in the furtherance of justice.'" (*Id*. at pp. 1029, 1036.)

In this case, it is undisputed that two of section 1385's "mitigating circumstances" are present here—namely, that (1) "multiple enhancements are alleged in [this] single case" (§ 1385, subd. (c)(2)(B)) and (2) "the application of an enhancement could result in a sentence of over 20 years" (*id*., subd. (c)(2)(C)). Although these mitigating circumstances "weigh[] greatly in favor of dismiss[al]" of the pertinent enhancements, the trial court did not abuse its discretion in declining to dismiss the enhancements here because the court found that it would not be in the interest of justice to dismiss the enhancements and, what is more, that finding rested upon—and effectively constituted an independent finding that—defendant continued to be a danger to public safety, such that dismissing the enhancements would endanger public safety.

Defendant does not challenge the sufficiency of the trial court's findings that dismissal of his enhancements would endanger public safety or be against the interests of justice. Instead, he argues that dismissal of the enhancements at issue in this case is mandated by statute; specifically, defendant notes that section 1385 provides that, where "[m]ultiple enhancements are alleged in a single case, . . . all enhancements beyond a single

7

enhancement *shall* be dismissed" (§ 1385, subd. (c)(2)(B), italics added), and that where "[t]he application of an enhancement could result in a sentence of over 20 years, . . . the enhancement *shall* be dismissed" (*id.*, subd. (c)(2)(C), italics added). Because "shall" is a mandatory word, defendant continues, dismissal of his enhancement is required—even where, as here, a trial court finds that dismissal of the enhancements would not be in the interest of justice or would endanger public safety. Many courts have rejected the precise argument defendant advances here, and we agree with those courts. (*People v. Mazur* (2023) 97 Cal.App.5th 438, 444-446; *People v. Cota* (2023) 97 Cal.App.5th 318, 335-337; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1284-1290; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 290-291; *People v. Anderson* (2023) 88 Cal.App.5th 233, 238-241; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15-21.)[4] Because the trial court otherwise properly considered the pertinent statutory factors in coming to its conclusion, there was no abuse of discretion.[5]

## II. Failure to Make an Ability-To-Pay Finding

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant argues that the trial court erred in imposing the

---

[4] Our Supreme Court expressly declined to reach this question in *Walker*. (*Walker*, *supra*, 16 Cal.5th at p. 1035, fn. 5.)

[5] The People also argue that the trial court's refusal to dismiss the enhancements is moot because defendant has served his sentence for those enhancements. Although a challenge to a completed sentence is moot if collateral consequences arise only if the defendant commits another crime (*People v. DeLeon* (2017) 3 Cal.5th 640, 646), the enhancements in this case bear on the circumstances of the underlying crimes and, as such, remain relevant to defendant's next parole suitability hearing (*In re Lawrence* (2008) 44 Cal.4th 1181, 1214).

8

$10,000 restitution fine and the $140 in assessments without inquiring into whether he had the ability to pay those amounts. Defendant was resentenced in November 2023—nearly five years after the Court of Appeal issued its opinion in *Dueñas*. Defendant concedes that, at this resentencing, his attorney did not request an ability to pay determination and the record shows that he did not object to any of the fines, fees or assessments. The point is accordingly forfeited on appeal. (*People v. Flowers* (2022) 81 Cal.App.5th 680, 687.) Defendant asserts that several cases have rejected this forfeiture rule, but he misreads those cases: Those cases all involve a failure to object *before Dueñas* was decided, not a failure to object years *after Dueñas*. (See *People v. Taylor* (2019) 43 Cal.App.5th 390, 400-401; *People v. Belloso* (2019) 42 Cal.App.5th 647, 662, review granted Mar. 11, 2020, S259755; *People v. Santos* (2019) 38 Cal.App.5th 923, 932-933; *People v. Johnson* (2019) 35 Cal.App.5th 134, 137-138.)[6]

---

[6] For the first time in his reply brief, defendant asserts that his counsel's failure to object constitutes ineffective assistance of counsel. This argument is waived. (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 408.) It also lacks merit. Because we presume that counsel's performance is within the range of professional competence, defendant bears the burden of showing that his counsel's performance was deficient; where, as here, the record on direct appeal "'sheds no light on why counsel acted or failed to act . . . ,'" we must reject a claim of ineffective assistance of counsel "'unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation.'" (*People v. Carter* (2005) 36 Cal.4th 1114, 1189.) We reject defendant's ineffective assistance of counsel claim because the record is silent as to why counsel did not interpose an ability-to-pay objection and it is easy to hypothesize a satisfactory explanation for the absence of an objection (namely, that

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, P.J.

HOFFSTADT

We concur:

_____, J.

BAKER

_____, J.

KIM (D.)

---

defendant _had_ the ability to pay given his savings and job prospects upon release).